## Susquehanna Mut. Fire Ins. Co., Appellant, v. Mardorf.

[Marked to be reported.]

*Fire insurance—Mutual companies—Assessments—Res judicata.*

Where a policy of fire insurance is subject to assessments for all losses occurring while the policy was in force, whether they were made during its life or after it had expired, an action brought upon an assessment made after the policy had expired, but to recover for losses then adjusted, is no bar to a subsequent action to recover other assessments for losses which had not then been adjusted, but which had occurred during the life of the policy.

*Evidence as to matters litigated in former suit.*

In an action on a policy of fire insurance where defendant sets up as a defence a previous action in which a judgment had been rendered in his favor, it is competent for the plaintiff to show by parol evidence that the former action was to recover an assessment not included among the assessments for which the latter action was brought.

*Evidence—Irrelevant matter.*

In an action on a policy of fire insurance the deposition of a witness taken on a former trial, with exhibits attached, relating to the condition of the insurance company prior to 1884, is properly rejected where the latter action is founded upon assessments which were not made until after the year 1884.

*Evidence—Loss of portion of record—Search.*

It is proper to refuse to admit in evidence the record of a trial in which the stenographer's notes of testimony do not appear, and the only evidence of their loss was the testimony of the stenographer's successor that she could not find the notes, without stating that she had made search for them anywhere.

*Evidence—Offer of whole record—Objection to part.*

Where an offer is made of what is claimed to be the whole record and objection is made that part is not the true record, the offer should not be rejected as a whole.

Argued Oct. 12, 1892. Appeal, No. 227, Oct. T., 1892, by plaintiff, from judgment of C. P. Armstrong Co., June T., 1892, on verdict for defendant, Christian Mardorf. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit on policy of fire insurance.

The facts appear by the opinion of the Supreme Court.

At the trial, before RAYBURN, P. J., after plaintiff had of-

fered evidence to prove his case, and rested, defendant gave the evidence recited in the opinion of the Supreme Court, among other things the record of a former suit between the same parties, No. 430, June T., 1885, to establish res judicata. The record is not given with the offer. It is stated that the declaration was in the common counts, but it is not printed. The justice's transcript showed the plaintiff's claim was for assessment No. 11.

Plaintiff in rebuttal offered the evidence recited in the opinion of the Supreme Court and also offered record of No. 430, June term, 1885, Susquehanna Mutual Fire Insurance Company against Christian Mardorf, for the purpose of showing that the subject-matter in dispute in that case was different from the subject-matter now at issue.

Counsel for defendant objects: The paper offered is not the record, the record already being in evidence. The plaintiff's offer is really a copy of notes of testimony taken on a former trial, claimed by the plaintiff to be their private paper, and without any certificate as to its genuineness by the court stenographer. It being no part of the record cannot be admitted in evidence to contradict the pleadings and the record. Objection sustained and exception. [5]

The court charged as follows, by RAYBURN, P. J.:

. "We have concluded to affirm the first point of the defendant here, 'That under all the evidence the verdict must be for the defendant.' The plaintiff company having brought at 430 June term 1885 suit against the defendant to recover an assessment upon the same application and policy that is in suit here, and that suit having been brought after the expiration of the policy, we hold as a matter of law that this is an adjudication of all questions arising between the parties here upon this application and policy. We hold that as the law, that the plaintiff cannot recover in this action, and therefore your verdict will be for the defendant. The first point of the defendant is affirmed." [6, 7]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–5) rulings on evidence, quoting bills of exceptions, but not evidence; (6, 7) instructions, quoting charge as above.

*W. D. Patton, H. L. Golden* with him, for appellant.—Where an exemplification contains but part of the proceedings it is not admissible in evidence : Bonesteel v. Sullivan, 104 Pa. 9 ; Herman, Estoppel, 1417.

. Parol evidence is always admissible to explain what the subject-matter of action was, so long as it does not contradict the record : Wh. Ev., § 785 ; Herman, Estoppel, 330 ; Aiken v. Stewart, 4 W. N. 180 ; Carmony v. Hoober, 5 Pa. 305 ; Coleman's Ap., 6 Pa. 252 ; Follansbee v. Walker, 74 Pa. 306.

*M. F. Leason,* for appellee.—Parol evidence is not admissible where the record shows just what was in dispute : Danziger v. Williams, 91 Pa. 236. The former suit barred the subsequent action : Sykes v. Gerber, 98 Pa. 179 ; Buck v. Wilson, 113 Pa. 423.

OPINION BY MR. JUSTICE GREEN, November 11, 1892 :

The plaintiff's statement of cause of action in the present case averred that the action was brought to recover assessment No. 12 for $150; assessment No. 13 for $110 ; assessment No. 14 for $10, and assessment No. 15 for $10, giving the respective dates upon which the several assessments were made. The defendant filed an affidavit of defence in which he set forth that a prior action had been brought against him upon the same policy to recover upon assessment No. 11 for $190, the date of the assessment being Oct. 4, 1884, and that on the trial of that action judgment was rendered in his favor. He therefore claimed that as the former action was based upon the same policy as the present one, no other recovery could be had in this second action. The first action was brought before a justice of the peace and the transcript of appeal shows that the former action was brought to recover assessment No. 11 for $190.

On the trial the defendant offered in evidence the record of the former action, and as the stenographer's notes of testimony were not included some slight testimony was given to account for their absence. That evidence was simply the testimony of the present stenographer that she was unable to find the notes of the former stenographer. She did not testify to any search made anywhere. She said she did not know where Mr. Dougherty, the former stenographer, was, and she made no inquiry

as to where he was, though she lived in the same house with his wife; she simply asked for his book, and does not even state the answer she received.

It is perfectly manifest that this evidence was entirely insufficient to prove either the loss of the notes or any kind of a search for them. As the counsel who offered the record also offered the preliminary testimony of loss, and search for the stenographic notes, it is safe to assume that the notes have become a part of the record in accordance with the statute that makes them such. Objection was made by plaintiff's counsel to the admission of the offer of the record, on the ground, inter alia, of insufficient proof of loss and search, but the court overruled the objection. We think this was error and therefore sustain the first assignment.

The defendant next offered the deposition of a witness taken on the former trial with exhibits attached, relating to the condition of the company during the years 1881–2–3 and 4. It was objected that as the present action was founded upon assessments which were not made until after the year 1884, the certificate and exhibits were not relevant. It has not been shown to us, and we do not now see, how they were relevant to the matter in issue in the present action, and therefore we are obliged to sustain the second assignment.

The defendant then rested, and the plaintiff thereupon moved the court to rule out the testimony, which consisted of the imperfect record and the deposition above mentioned, but the court declined to do so. As we have already decided that these offers of testimony should have been rejected when they were made, it follows that the court was in error in refusing the motion to strike them out, and we therefore sustain the third assignment.

The defendant having rested, the plaintiff offered to prove by Mr. Golden, that he was one of the attorneys of the plaintiff at the former trial, that the matters at issue in that case were different from the matters at issue in the present case, that the matter in dispute on the former trial was whether or not assessment No. 11 had been regularly laid, and that it was not an exorbitant assessment, while the issue in this case is whether or not assessments Nos. 12, 13, 14 and 15 are right, and that the matter in dispute was entirely foreign to the liti-

gation in the present controversy, to which the defendant objected and the court sustained the objection.

In the case of Follansbee v. Walker, 74 Pa. 306, we held that it was competent to prove, even by jurors, that the question actually decided on the first trial was not the one at issue on the second. SHARSWOOD, J., said: " Whenever it does not contradict the record parol evidence may be given to show that a former recovery was had, not upon the merits but upon some technical objection to the form of action or otherwise," citing numerous cases in support of the ruling. We held the same doctrine in Coleman's Appeal, 62 Pa. 252. It is plain that the offer in the present case was not to contradict the record in the former case, but in corroboration of it, and to show precisely what the subject-matter in controversy was, viz., that it was to recover another assessment, No. 11, not embraced among the assessments for which the present action was brought. We therefore sustain the fourth assignment.

The plaintiff next offered what was claimed to be the whole record of the former case, to wit, the parts that were admitted on the defendant's offer, and also the notes of the testimony taken, and the charge of the court. The offer was rejected as a whole and in this we think there was error. If it had been admitted, when the notes of testimony came to be offered a question might have arisen as to their sufficiency, and the admissibility of the proof offered could then have been considered and decided. So also with the charge of the court. But to refuse to allow any proof on these subjects was error and we therefore sustain the fifth assignment.

The sixth and seventh assignments raise the same question and can be considered together. The learned court below took the view that because one action had already been brought upon the policy to recover one assessment, and that suit having been brought after the policy expired, the decision of that case was a final adjudication of all questions between the parties upon the application and policy in question. We are quite unable to agree to this doctrine. By the terms of the policy it was subject to assessments for all losses occurring while it was in force, whether they were made during its life or after it had expired. The first action was brought upon one assessment, made, it is true, after the policy expired, but

only to recover the assessment made for losses then adjusted. Certainly this would not preclude subsequent assessments made to cover other losses not then adjusted, if they occurred during the life of the policy. The first action in such a case is not the same, nor for the same subject-matter, as the second. There is no inconsistency in sustaining both. If in other respects the liability of the assured exists, it cannot be defeated merely because a previous recovery had been obtained or defeated in an action to recover another and a different assessment. We are very clearly of opinion that the learned court below was in error in the ruling made upon this subject and we therefore sustain the sixth and seventh assignments.

Judgment reversed and a new venire awarded.