| 176 | 23 |
| j 33 SC | 467 |

## William Besecher *v.* Milton Flory, Appellant.

*Res judicata—Record—Justice of the peace—Evidence.*

In an action to recover the price of flagstones sold and delivered by plaintiff to defendant, defendant claimed that plaintiff's claim had been adjudicated in a prior suit before a justice of the peace. The record of the prior suit showed that the claim in this suit was one of the items claimed in that. The evidence showed that it was the only disputed claim on the trial of the first suit. The plaintiff then claimed that he sold the flagstones to the defendant, and the defendant claimed that he bought them from

another person. *Held*, (1) that inasmuch as plaintiff had submitted his claim to the adjudication of the justice of the peace in the first suit, it was res judicata; (2) that the fact that the magistrate misapprehended the effect of the judgment he entered in the first suit furnished no warrant for a judgment for the plaintiff in the second suit.

Argued March 10, 1896. Appeal, No. 133, July T., 1895, by defendant, from judgment of C. P. Northampton Co., Feb. T., 1895, No. 50, on verdict for plaintiff. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Appeal from justice of the peace. Before SCHUYLER, P. J.

At the trial defendant claimed that the matter involved in the suit was res judicata, having been considered as one of the items in a prior suit brought before William J. Transue, a justice of the peace. The record of the justice in the prior suit showed that the claim in this suit, to wit, the pay for five hundred and ninety-four feet of flagstone at ten cents per foot, was one of the items involved in that suit.

When William J. Transue was on the stand he was asked if at any time Mr. Flory, the defendant, ever said anything in his presence about the five hundred and ninety-four feet of flagging; and, if so, state what he said.

This was objected to "because the record and docket of the justice of the peace show that the very matter now in litigation was litigated before him."

The objection was overruled and bill sealed for defendant. [4]

He was also asked whether the $59.40 for five hundred and ninety-four feet of flagstone was ever passed upon by him in that proceeding; and in that connection, he was asked to state what was said by Mr. Flory or by his attorney in the suit with regard to the five hundred and ninety-four feet of flagstone? The evidence was offered for the purpose of showing that the proceeding before the justice did not take into consideration the five hundred and ninety-four feet of flagstone in litigation in this suit, and was expressly excluded therefrom by the justice and by the defendant, and that they were not talked upon judicially in any way or manner whatever. Objected to by the defendant because it contradicts the record. Objection overruled. Bill sealed for defendant. [5]

The court charged in part as follows :

In the first action the claim set up by the plaintiff was the same in part that he sets up here. [It does not follow necessarily because the plaintiff set up this claim in the former suit that the justice of the peace passed upon the claim. It might have been withdrawn. He might have declined to demand any judgment for the $59.40, and may simply have claimed for the two other items in the suit.] [1] If during the trial (we are merely supposing a case now) the plaintiff had withdrawn this item from the consideration of the justice, then the item would not have been passed upon by the justice, and the judgment of the justice would have been no bar to a second suit for the same item, and it may have occurred also that the defense set up to the first suit was a different defense from that set up now. If in passing upon this claim, (supposing that the justice had passed upon the claim,) he dismissed the claim upon the theory that the claim was not due at the time the suit was brought, or that as the case stood at that time there was no liability upon his part to pay for this flagging, and the case or the item was dismissed from the judgment of the justice for that reason, it would not bar an action to recover for the same item in a subsequent suit upon a different ground. Or again the defendant may in that action have denied that he had purchased this particular property from the plaintiff and may have alleged that he did not receive the property, that it had been purchased by Mr. Bruch from Place, and having been purchased from Mr. Place that he had repudiated any purchase from Besecher and refused to have anything to do with the property. [And it appears from the testimony of 'Squire Transue that a defense of that kind was set up.] [2] The 'squire was asked to " state what was said by Mr. Flory before you in the presence of Mr. Besecher and in the presence of Mr. Mackey." Mr. Flory said that he had not accepted the five hundred and ninety-four feet of flagstone, they were at the depot at Pen Argyl in the railroad company's possession.

Q. And at the trial he said he had not accepted them ? A. At the trial he said he had not accepted them, they were in the railroad company's possession.

Now, if he set up as a defense at that trial that he didn't authorize Mr. Bruch to purchase these stone from Mr. Besecher,

and that he had not accepted the stone at the time of the trial, that would not be a defense to a subsequent action brought after the trial, if in the interim the defendant did accept and use the stone.

[Now the question that I will submit to you is, in the first place, who was the owner of the stone in controversy,] [3] the five hundred and ninety-four feet? Was Mr. Besecher the owner or was Mr. Place the owner? If Mr. Place was the owner, then your verdict must be for the defendant, because Mr. Besecher could not confer any title to the stone and would not be entitled to recover for the price of the stone if they didn't belong to him. So that if you find after considering all the evidence that the stone belong to Mr. Place and not to Mr. Besecher, then you will return a verdict in favor of the defendant.

Verdict and judgment for plaintiff for $68.25. Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them; (4, 5) rulings on evidence, quoting the bill of exceptions.

*J. C. Merrill* and *G. W. Mackey*, for appellant.—This case is res judicata: Gould v. Crawford, 2 Pa. 89; Warner v. Scott, 39 Pa. 274; Rockwell v. Langley, 19 Pa. 502; Emery v. Nelson, 9 S. & R. 12.

*W. S. Kirkpatrick*, *R. I. & M. H. Jones* with him, for appellee.—This case is not res judicata: Kaster v. Welsh, 157 Pa. 590; Converse v. Colton, 49 Pa. 346; Chase v. Bank, 56 Pa. 355; Mut. Fire Ins. Co. v. Mardorf, 152 Pa. 22; Follansbee v. Walker, 74 Pa. 306; Coleman's App., 62 Pa. 252; Roll v. Davison, 165 Pa. 392; Schriver v. Eckinrode, 87 Pa. 213.

OPINION BY MR. JUSTICE McCOLLUM, May 28, 1896:

In this action the plaintiff claimed from the defendant the price of five hundred and ninety-four feet of flagstone, and recovered a judgment for the same. The defense made to the claim was that it had been duly passed upon in a former suit between the parties. To sustain this defense the record of the first suit was presented, and it plainly showed that the claim in the second suit was an item of the claim made in the first. The record in the first suit therefore furnished, on its face, a

complete answer to the claim made in the second. This was conceded by the learned court below, but as the plaintiff contended that in the former suit there was no adjudication of the claim on its merits he was allowed to introduce evidence which was considered by the court as sufficient to warrant a conclusion in conformity with his contention. Whether the evidence authorized the conclusion is the real question we have to decide on this appeal. It showed that the only disputed claim on the trial of the first suit was the claim which was successfully asserted on the trial of the case now before us, and that the plaintiff then claimed he sold the flagstones to the defendant, and the defendant claimed he bought them of Place. An intelligent adjudication of these conflicting claims necessarily involved the credibility of the evidence submitted to support them, and the question of the ownership of the flagstones at the time they were sold to the defendant. If the plaintiff was the owner and made the sale as claimed by him, he was entitled to recover the price at which he sold them, but if Place was the owner and made the sale as claimed by the defendant, the latter was not liable to the plaintiff for the price of them, and a correct judgment was entered by the magistrate. This judgment was clearly an adjudication against the claim of the plaintiff for the price of the flagstones, and in favor of the claim of the defendant that he bought them of Place. The plaintiff could have withdrawn his claim if there was anything in the evidence which suggested to him or his counsel that it was advisable to do so. But he chose to submit it to the magistrate on the proofs in the case, and these involved a consideration of its merits and of the merits of the opposing claim.

In this as in the former suit the plaintiff's claim was based on a sale of the flagstones to the defendant, and was for the price of them. The record of the former judgment is on its face a bar to this action. That the magistrate misapprehended the effect of the judgment he entered in the first suit furnished no warrant for the judgment appealed from. It is not necessary to discuss or consider separately the several specifications of error. It is sufficient to say that in our opinion the prima facie bar to this action which the record of the judgment in the first suit affords was not removed or qualified by the evidence in the case.

Judgment reversed.