# Pennebaker *v.* Parker, Appellant.

*Res adjudicata—Parties—Cause of action—Evidence—Parol evidence.*

In order to make a matter res adjudicata, there must be a concurrence of the four conditions following: (1) Identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and of parties to the action; (4) identity of the quality in the persons for or against whom the claim is made.

Whenever a judgment in a former case is relied on as conclusive in another, it may be shown by evidence aliunde, not inconsistent with the record, that the particular point was not adjudicated, if in law judgment could have been rendered on any other.

Where the record of a judgment of a justice of the peace shows an entry of judgment for one of two items of claim presented, and that there had been a dispute about the other, and a second suit is brought for the disputed items, but another person is added as an additional party defendant, parol evidence is admissible to show that the claim in question had been presented in the first suit but withdrawn, and had not in fact been adjudicated.

Argued March 12, 1907. Appeal, No. 10, March T., 1907, by defendant, from judgment of C. P. Juniata Co., Sept. T., 1904, No. 106, on verdict for plaintiff in case of S. E. Pennebaker v.

Edmund S. Parker and James J. Horning.    Before RICE, P. J.,
PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEA-
VER, JJ.    Affirmed.

Appeal from judgment of a justice of the peace.    Before
SHULL, P. J.

The facts are stated in the opinion of the Supreme Court.

At the trial the following offer was made:

Judge Atkinson: We offer to prove by this witness that
he presented two separate accounts before Squire Smith at the
time of the first suit there, representing independent claims
for lumber bought at different times; that Mr. Burchfield be-
ing present, representing the defendant Parker, objected espe-
cially to the claim now in suit and this plaintiff then withdrew
the larger claim from the consideration of the justice and judg-
ment was entered in his favor for the smaller claim.

Mr. Neely: Objected to, that the record of the justice cannot
be contradicted by parol evidence; that the claim made there
is distinctly for the lumber now sued upon and that there is
no evidence of withdrawal, but that the justice, after hearing
the parties and examining their accounts, gave judgment pub-
licly in favor of the plaintiff for $19.50.

The Court: Objection overruled and bill sealed for the de-
fendant.

Verdict and judgment for plaintiff for $300.07.    Defendant
appealed.

*Errors assigned* among others were (1) ruling on evidence,
as above, quoting the bill of exceptions; (4) in refusing de-
fendant's point, quoted in the opinion of the Superior Court;
(5) in refusing binding instructions for defendant and (6) in
refusing judgment for defendant non obstante veredicto.

*J. Howard Neely*, with him *B. F. Burchfield*, for appellant.—
The case comes within the rule laid down in Hill v. Joy, 149
Pa. 243.    See also Buck v. Wilson, 113 Pa. 423; Sterner v.
Gower, 3 W. & S. 136; Logan v. Caffrey, 30 Pa. 196; Corbet
v. Evans, 25 Pa. 310; Raisig v. Graf, 17 Pa. Superior Ct.
509; Hess v. Heeble, 6 S. &. R. 57; Pennock v. Kennedy, 153
Pa. 579; Amrhein v. Quaker City Dye Works, 192 Pa. 253.

The plaintiff under the uncontradicted evidence did not have the right to withdraw a part of the claim sued on and the justice was bound to consider the whole in making up his judgment: Logan v. Caffrey, 30 Pa. 196; Smedly v. Tucker, 3 Phila. 259; Besecher v. Flory, 176 Pa. 23.

While it is settled law that a justice cannot give oral testimony to contradict or vary the cause of action as shown on his record, the law is equally well settled that the testimony of the parties to the proceeding cannot be admitted to contradict or vary the record: Williams v. McNeal, 3 Luz. L. R. 37; Springer v. Wood, 18 W. N. C. 520; Aiken v. Stewart, 4 W. N. C. 180.

*F. M. M. Pennell,* of *Atkinson & Pennell,* for appellee.—The following cases go to sustain the right to withdraw the claim and prove the fact of withdrawal by parol, the justice's record not clearly showing it: Haak v. Breidenbach, 3 S. & R. 204; Follansbee v. Walker, 74 Pa. 306; Roop v. Brubacker, 1 Rawle, 304; Haviland v. Fidelity Ins., etc., Co., 108 Pa. 236; Boyle v. Grant, 18 Pa. 162; Susquehanna Mut. Fire Ins. Co. v. Mardorf, 152 Pa. 22; Coleman's App., 62 Pa. 252.

Although it appear by extrinsic evidence that the matter was within the issue of a former suit, if it be not shown that the verdict and judgment necessarily involved its consideration, it will not be conclusive: Springer v. Wood, 18 W. N. C. 520. See also Swayne v. Lyon, 67 Pa. 436; Bronson v. Lane, 91 Pa. 153; Susquehanna Mut. Fire Ins. Co. v. Mardorf, 152 Pa. 22; Hess's Estate, 27 Pa. Superior Ct. 498, 502; Hartman v. Inclined Plane Co., 23 Pa. Superior Ct. 360; Blair v. McLean, 25 Pa. 77.

OPINION BY BEAVER, J., April 15, 1907:

The ostensible ground upon which the defendant based his points for charge, the refusal of which and the subsequent denial of his motion for judgment for the defendant, n. o. v., are complained of in the fourth, fifth and sixth assignments of error, is that the claim upon which the suit was founded was res judicata.

The facts upon which this claim is raised are stated in the third point, which briefly summarizes them : "That the lum-

ber sued for to the amount of $272.87 on present suit began before H. F. Smith, a justice of the peace, was the same lumber included in the suit brought by the plaintiff, S. E. Pennebaker v. Edmund S. Parker, commenced before H. F. Smith, Esq., the same justice, by summons dated April 6, 1904, and tried April 13, 1904, in which a judgment was rendered for the plaintiff for $19.50 and costs, which judgment was unappealed from, and on which the plaintiff caused an execution to be issued in 1904. On execution the money was made. That the parties to these actions were the same; that the claim now sued upon is res adjudicata by the former action, and said action bars a recovery in this suit."

It thus appears that the original suit was against Edmund S. Parker alone.

At the trial the justice made the following entry : " Plaintiff claims $292.37 as a balance on timber furnished for the erection of a new barn and other timber furnished for defendant.

" And now, the 13th day of April, 1904, parties met, and, examining plaintiff and defendant and hearing their allegations, judgment for plaintiff for the sum of $19.50 publicly expressed and costs, there having been a dispute as to the $272.87 as to who should pay, Parker or the contractor, for building the barn."

The present suit, as appears from the transcript of the justice, was by S. E. Pennebaker against Ed. S. Parker and J. J. Horning.

In 2 Bouvier, Rawle's edition, 898, it is said : " In order to make a matter res judicata, there must be a concurrence of the four conditions following : (1) Identity in the thing sued for ; (2) identity of the cause of action ; (3) identity of persons and of parties to the action ; (4) identity of the quality in the persons for or against whom the claim is made."

It seems to be conceded that the claim upon which this suit was founded was originally included in the claim made before the justice in the original suit against Edmund S. Parker, but in this case the parties are different, and, if it appears by competent evidence that the claim was excluded by the justice in the original hearing, it is clear that it was not adjudicated, and that the present suit is well founded. The entry made by the

justice clearly shows that there was doubt as to whether the claim for $272.87, which was the exact difference between the total amount claimed and the amount for which judgment was rendered, should be paid by Parker or by the contractor for building the barn, the said contractor being, as appears from the testimony, J. J. Horning, who is joined with Parker as defendant in the present suit. The plaintiff and the justice of the peace, before whom the original suit was tried, were allowed to testify as to the withdrawal of the claim for the lumber entering into the construction of the barn. Objection was made to their testimony, and its admission constitutes the first and second assignments of error. The ground of objection was that the testimony contradicted the record of the justice made at the time. If this were so, of course the testimony was incompetent. An examination of the testimony leads us to the conclusion, however, that it was not in any sense a contradiction of the record of the justice. In may be regarded as an explanation of the entry, but it is in no sense a contradiction. A single answer of the justice describes the situation : " Q. State what Mr. Pennebaker said with reference to the withdrawal of that claim ? A. I understood Mr. Pennebaker to . say that he would withdraw the consideration of that $272.87. I have here marked, after rendering the judgment, sufficient to show that I did not consider it ———."

In Coleman's Appeal, 62 Pa. 252, it was held, as stated in the syllabus : " Whenever a judgment in a former case is relied on as conclusive in another, it may be shown by evidence aliunde, not inconsistent with the record, that the particular point was not adjudicated, if in law judgment could have been rendered on any other." See also Susquehanna Mut. Fire Ins. Co. v. Mardorf, 152 Pa. 22.

That extrinsic evidence is admissible to show what was adjudicated, see Hartman v. Pittsburg Incline Plane Co., 23 Pa. Superior Ct. 360.

We have, upon the record of the justice, the statement that there were two distinct items in the original claim : (1) " A balance on timber furnished for the erection of a new barn," and (2) " other timber furnished for defendant," and, second, that as to the first there was " a dispute as to the $272.87 as to who should pay, Parker or the contractor for building the

barn." We have also the fact that the second suit was brought against the appellant and Horning, the contractor. These entries of themselves would clearly indicate that the claim for the timber furnished for the barn was not passed upon by the justice for the apparently good reasons : First, that the liability for the items arose under different contractual relations, and, second, between different parties. It was not in any sense a contradiction of these entries in this record to show that for those reasons the claim for the barn timber was withdrawn and not considered.

This testimony in explanation of the entry of the justice having been properly admitted, we can see nothing erroneous in the submission of the question by the court to the jury, as complained of in the third assignment of error.

The question of the withdrawal of the claim, upon which the present suit is based, was one of fact, which was fairly submitted by the court.

Upon a consideration of the whole case, we see nothing erroneous which calls for our interference.

Judgment affirmed.


Dissenting opinion by MORRISON, J.:

I cannot agree with the opinion representing the majority of this court because I think it flatly in the teeth of the decisions of the Supreme Court on the question of a former recovery.

On April 6, 1904, the plaintiff sued the defendant before a justice of the peace, and on the return day of the summons the plaintiff claimed $292.37, a balance on lumber furnished for the erection of a new barn and other lumber furnished for defendant, and on the same date, after hearing, judgment was entered in favor of the plaintiff for $19.50. This judgment was not appealed from and it was paid by the defendant. The justice made his record show judgment for the plaintiff for the sum of $19.50 and costs, " there having been a dispute as to the $272.87 as to who should pay, Parker or the contractor, for building the barn." Then on May 24, 1904, the same plaintiff brought suit before the same justice against Edmund S. Parker and J. J. Horning, and on the trial of the said case, plaintiff appeared and claimed $272.87, being for lumber furnished to build a barn for defendant Parker and being the balance of the

amount plaintiff was to receive for furnishing lumber for the barn. The defendant E. S. Parker pleaded that " this is the same claim upon which suit was brought before Justice SMITH on summons issued April 6, 1904. Parties appearing April 13, 1904, at which time judgment was entered for plaintiff for $19.50." After hearing, the justice entered judgment in favor of the plaintiff for $272.87 and costs, and the defendant Parker appealed to the common pleas. It should be noted that the $272.87 is the precise balance remaining after deducting from the plaintiff's claim in the first suit the sum of $19.50 for which judgment was entered in that suit. I may as well say here that on all hands it is admitted that the judgment entered by the justice in the second suit is for the lumber claimed in the first suit as the balance due on that portion of it going into the new barn.

The majority opinion states that the first suit was against Edmund S. Parker alone, and that the second, the present suit, was against Edmund S. Parker and J. J. Horning, and, there- fore, the point is made that the parties are not identical in the two suits. This is a clear mistake. It is true that the second suit was brought against the two, but when the case was called for trial in the common pleas Judge ATKINSON, attorney for the plaintiff, stated : " Although the action on the list is against Ed. S. Parker and J. J. Horning, yet we wish the jury to be sworn only against Ed. S. Parker." And the jury was so sworn and the record shows this. Therefore, the two suits commenced before the justice were identical, " (1) in the thing sued for; (2) identity of the cause of action ; (3) identity of persons and parties to the action; (4) identity of the quality in the persons for or against whom the claim is made."

At the trial in the common pleas the first judgment before the justice was pleaded and offered in evidence and the learned court was requested in defendant's third point to instruct the jury, " that the lumber sued for in the present suit was the same lumber included in the suit brought by the plaintiff, S. E. Pennebaker, against Edmund S. Parker, commenced before H. F. Smith, the same justice, by summons dated April 6, 1904, and tried April 13, 1904, in which a judgment was rendered for the plaintiff for $19.50 and costs, which judg- ment was unappealed from and on which the plaintiff caused

an execution to be issued in 1904; on execution the money was made, that the parties to these actions were the same; that the claim now sued upon is res adjudicata by the former action and said action bars a recovery in this suit." This point gives rise to the fourth assignment of error.

The fifth assignment (fourth point) that under all the evidence the verdict must be for the defendant was also refused, and the sixth assignment is for refusing judgment non obstante veredicto.

The learned court below permitted the plaintiff to prove, by oral testimony, that while the lumber claimed for in the second suit was claimed for in the first, yet it was withdrawn from the consideration of the justice and he only entered judgment for the portion of the plaintiff's claim which was not disputed, to wit: lumber for a nice house and pig pen. As I understand the settled law of Pennsylvania, the plaintiff having haled the defendant into the justice's court and claimed on account for lumber sold and delivered, he was bound to present all of his open accounts against the defendant and it does not make a particle of difference whether or not he presented the claim for the $272.87 worth of lumber and then withdrew it, or that he did not present it all, because in either case the judgment of the justice was res adjudicata as to all claims of the plaintiff then due on account for goods sold and delivered, work and labor done and lumber sold and delivered. This because such accounts constituted his cause of action and he could not split it up and bring more than one suit therefor. It is perfectly clear from the plaintiff's own testimony that when he brought the first suit his accounts against the defendant Parker for both lots of lumber were due and unpaid. The plaintiff's testimony is clear and precise that his accounts for the lumber were against Edmund S. Parker alone and there is not a scintilla of evidence that he had any joint account against Parker and Horning. Therefore, it was a mistake to bring the second suit against them jointly and if the jury had been sworn as to Parker and Horning, and a verdict and judgment had gone against them jointly, on the evidence submitted, it would have been palpable error. In my opinion, when A has an account against B for dry goods sold and delivered and another account for work and labor done and another for lumber sold and de-

livered and these accounts are all subsisting and due and A brings suit against B and states his demand on account for any one of these items and secures judgment therefor, without saying a word about the other two accounts, and that judgment is unappealed from, it is clearly res adjudicata as to any subsequent suit or suits brought for the collection of the accounts which existed at the time of the suits but which were not presented in it at all. This for the reason that all of A's open accounts against B, then due, constituted his cause of action.

In Buck v. Wilson et al., 113 Pa. 423, it was said by Mr. Justice CLARK (p. 430) : " A debt due upon a continuous account of book entries, made in the ordinary course of dealing, is entire; it cannot, without agreement to that effect, be split up into separate and distinct demands so as to form the basis of several suits; if divisible into two parts, it may, on the same principle, be divided into as many parts as it contains distinct items of charge, and no one would suppose that an action might be instituted on every item in a book account. . . . When the cause of action is the same, a former judgment, in a suit between the same parties, though an inadequate one, is a bar to a second recovery: Pinney v. Barnes, 17 Conn. 420 ; so, an action brought for a part of an entire and indivisible demand, and a recovery therein, will bar a subsequent suit for the residue of the same demand : Bendernagle v. Cocks, 19 Wend. 207." And citing other authorities. See also Logan v. Caffrey, 30 Pa. 196, where it is said in the syllabus: " When labor is performed for another, at various times, under the same entire contract, and there is a recovery in one suit upon such contract, the party cannot maintain a second action, even on clear proof that no evidence was given in the first as to part of the demand in controversy. Nor will a formal withdrawal from the consideration of the jury of one of the items claimed in the first suit, and the entry of such withdrawal on record, enable the party to maintain a second action to recover the item so withdrawn."

But in Hill v. Joy et al., 149 Pa. 243, will be found an elaborate opinion of Judge MEHARD of district thirty-five, which, with the authorities therein cited, seems to me conclusive against the plaintiff in the present case. Judge MEHARD's decision was unqualifiedly affirmed by our Supreme Court as follows: " This case has been so well discussed by the learned

judge of the court below that nothing remains to be added. Judgment affirmed." On page 247 of that case it is said: " Where a party hath several demands or existing causes of action growing out of the same contract, or resting in matter of account, which may be joined or sued for in the same action, they must be joined; and if the demands or causes of action be split up and a suit brought for a part only, and subsequently a second suit for the residue, the first action may be pleaded in abatement, or in bar of the second action." Now in the present case the plaintiff's items of account for lumber sold and delivered to defendant Parker were together within the jurisdiction of the justice, and he was bound to bring them into the first suit and, failing to do so as to the barn lumber, he was forever barred by that suit from recovering for it. When a plaintiff sues on matter of account if his accounts together amount to more than a justice's' jurisdiction, he must sue in the common pleas. But there is no question of jurisdiction in the present case. The justice had jurisdiction and the recovery in the first suit is a complete bar to the second.

In Pennock v. Kennedy, 153 Pa. 579, Mr. Justice WILLIAMS (p. 582) said: " The rule in relation to judgments entered upon verdicts is well settled. Such a judgment is conclusive not only on the items actually recovered for, but upon those for which the plaintiff might have recovered : Corbet v. Evans, 25 Pa. 310; Logan v. Caffrey, 30 Pa. 196; Alcott v. Hugus, 105 Pa. 350. The same rule is applied to matters of set-off. A defendant who fails to set off his cross demand against the plaintiff's action is barred from recovering it by an independent suit."

Besecher v. Flory, 176 Pa. 23, is cited by the appellee as authority for the proposition that the plaintiff could have withdrawn his claim, if he so desired. It is true that there is dicta in the opinion of Mr. Justice McCULLOM to that effect, but that cannot be the law if the plaintiff's claim was an entire cause of action as in the present case. If there is anything settled in Pennsylvania, it is that a plaintiff cannot split a cause of action, on which he could and ought to recover in one suit, and maintain two or more suits thereon. If in the present case, the plaintiff had discovered that his claim for the lumber which he recovered for in the second suit was really a joint

claim against Parker and Horning, there is no question but he could have withdrawn it from the consideration of the justice, in the first suit, and have maintained a joint action against the parties in the second suit.    But he had no joint claim, his account for the lumber going into the pig pen and barn, according to his own testimony, was against Parker alone, and the accounts rested on the same basis and they constituted one cause of action, and he was bound to present them in the first suit, and, therefore, the judgment in that suit is res adjudicata on the present one.

The majority opinion cites Coleman's App., 62 Pa. 252, but I do not think that case touches the point in question.   Mr. Justice SHARSWOOD in delivering the opinion (p. 272) said : " Whenever a judgment is relied on for this purpose, it is competent for the adverse party to show that the particular point was not adjudicated, if in law it could have been rendered upon any other."   But in the present case the plaintiff's first suit was in assumpsit for lumber sold on account, and in law there could not be a judgment for the plaintiff except upon his cause of action which was not capable of being split into two causes of action.

Mutual Fire Ins. Co. v. Mardorf, 152 Pa. 22, is also cited, but in that case the defendant set up as a defense a previous action in which a judgment had been rendered in his favor, and it was held competent for the plaintiff to show by parol evidence that the former action was to recover an assessment not included among the assessments for which the latter action was brought.   It was plain in that case that the plaintiff was not offering evidence to contradict the record, but to show that what was really litigated in the former suit was assessment No. 11, which was undoubtedly recognized as a distinct cause of action. While the issue in the second case was whether assessments No.'s 12, 13, 14 and 15, were right.   That was not a case of an attempt to separate a cause of action and maintain two separate suits upon it.

Hartman v. Inclined Plane Co., 23 Pa. Superior Ct. 360, is also cited.   That was an action of trespass in which the rule is not the same as in assumpsit.   I think the law allows an action for each separate and distinct trespass, and if in a second suit for trespass a former recovery is pleaded, it may be proved

aliunde that the former suit did or did not embrace the trespass declared upon in the second case.

I would sustain the fourth, fifth and sixth assignments of error and reverse the judgment without a venire.