## Matawan Tile Co., Appellant, *v.* Russo.

*Appeals—Order discharging rule for judgment—Exceptions.*
An appeal may be taken from an order discharging a rule for judgment for want of a sufficient affidavit of defense, although no exception was taken to the order in the court below.

*Promissory notes—Res adjudicata—Improper joinder of parties.*
A' suit on a promissory note against the maker and an irregular endorser which has been dismissed on demurrer for misjoinder of parties, is not a bar to a second suit against the endorser alone.

Argued March 7, 1918.    Appeal, No. 30, March T., 1918, by plaintiff, from order of C. P. Lackawanna county, March T., 1917, No. 139, discharging rule for judgment for want of a sufficient affidavit of defense in case of Matawan Tile Company v. Augustine N. Russo.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Reversed.

Assumpsit on a promissory note. Before NEWCOMB, J.
The facts are stated in the opinion of the Superior

464, (1918).]    Statement of Facts—Arguments.

Court.  Paragraphs 7 and 8 of the affidavit of defense referred to in the opinion of the court are as follows:

"7. I aver and expect to be able to prove that the note declared upon by the plaintiff is a note of the Scranton Tile Company, a corporation duly organized and doing business under the laws of the State of Pennsylvania, and that it was endorsed by this defendant, 'B. F. Golden, Mgr.,' as agents and representatives in their official capacity for the 'Russo Bros. & Co.,' and that the plaintiff through this agent and representative, B. K. Eskeson, accepted and received the said note with the full knowledge and understanding that the said 'Russo Bros. & Co.,' was a corporation or intended to be incorporated as a corporation under the laws of the State of Pennsylvania, and did in fact incorporate and do business under and by virtue of the laws of the State of Pennsylvania, and that said note being the note in this suit was the note of the 'Scranton Tile Co.' a corporation duly organized and 'Russo Bros. & Co.,' a corporation organized or to be duly organized and which was duly organized.

"8. As a result of the said endorsement of this defendant he did not become liable to pay said note as endorser thereof upon plea of the said 'Scranton Tile Co.,' to pay the said note nor for any other reason."

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Lee P. Stark,* for appellant, cited: Jamison's Est., 163 Pa. 143; Natl. Exchange Bank v. Lubrano, 29 R. I. 65; Fourth Natl. Bank v. Mead, 216 Mass. 521; Pennebaker v. Parker, 33 Pa. Superior Ct. 458; Haws v. Tierman, 53 Pa. 192; Pittsburgh Construction Co. v. West Side, Etc., R. R. Co., 227 Pa. 90; Funk v. Young, 254 Pa. 548.

*John Memolo,* for appellee.

OPINION BY HENDERSON, J., April 22, 1918:

The plaintiff's action is founded on an endorsement by the defendant of a promissory note given in the following form: "Scranton, Pa., Jan. 22, 1912. Two months after date for value received We promise to pay to the order of Matawan Tile Co., $1122.84, Eleven Hundred Twenty-two and 84/100 Dollars at the Traders National Bank of Scranton, Pa., without defalcation— Scranton Tile Co.

"No.            Due March 22, 1912.

                              "A. F. GOLDEN, Mgr.

"Endorsed: Russo Bros. & Co., B. F. Golden, Mgr., A. N. Russo." To the plaintiff's action the defendant filed an affidavit of defense in which he alleged among other things a former adjudication between him and the plaintiff from which it appears that on the 27th of May, 1912, the plaintiff began a joint action against Michael Russo, Augustine N. Russo, William F. Magee, Bernard Golden and A. F. Golden, trading as Russo Bros. & Co., in the Court of Common Pleas of Lackawanna County at No. 429, June Term, 1912, which action was founded on the note above recited; that the defendants filed a demurrer and on January 6, 1913, the court sustained the demurrer which judgment was subsequently affirmed in the Superior Court. The plaintiff entered a rule for judgment for want of a sufficient affidavit of defense and on consideration of the averments with respect to the former action as set forth in the tenth paragraph of the defendant's affidavit the court discharged the rule. This was done on the ground that the judgment on the demurrer in the first action was res adjudicata as to the plaintiff's right to maintain the present action.

A motion to quash the appeal was filed by counsel for the appellant on the ground that no exception was taken to the order of the court discharging the rule. An exception was not necessary however, as the sixth section of the Act of May 11, 1911, P. L. 279, dispenses with an exception where the decision of a court of record appears

in the proceedings of the case.   Under such circumstances the case is to be heard in the appellate court with the same effect as if an exception had been duly written out, signed and sealed by the court.   The order here appealed from was not made during the course of the trial and appears in the proceedings.   It is within the letter of the statute: Fisher v. Leader Publishing Co., 239 Pa. 204.

From an examination of the case of Matawan Tile Co. v. Golden et al., 53 Pa. Superior Ct. 430, it is evident that the demurrer was sustained because of a misjoinder of parties.   The claim of the plaintiff was not of like character against all of the defendants.   They were sued on the theory that a joint action could be maintained against all for the recovery of the amount of the note but it appeared in the statement of claim that some of the defendants were endorsers and only responsible in that capacity.   The learned trial judge in his opinion sustaining the demurrer, said: "It follows that in the absence of anything to show an intention to vary the prima facie liability assumed by an endorser it is distinctly several and not joint with that of the maker." The respective undertakings of the parties were therefore held to be several and not joint and this view was sustained on appeal.   In the Per Curiam opinion filed the question presented was stated to be "whether a joint action lies against the maker and the irregular endorser of a promissory note."   This question was answered in the negative.   The case now before us is not an action against the maker of the note but against an endorser. It is apparent, therefore, that the question attempted to be adjudicated in the first action is not the same as that now presented.   Nor are the parties the same.   In such circumstances the judgment in the former case cannot be made available as an estoppel.   Identity of the cause of action and identity of persons and parties to the action are necessary to make a former trial res adjudicata: Pennebaker v. Barker, 33 Pa. Superior Ct. 458.   The

former decision only went to the right to join all the defendants. The merits of the case were not touched and while it is true that the plaintiff might have amended the pleadings by striking out the names of defendants he was not obliged so to do. He had a right to test on appeal the accuracy of the conclusion of the court.

The affidavit of defense fails to disclose a state of facts which is a sufficient answer to the plaintiff's demand. The seventh paragraph contains the only averment of facts and that in no respect exonerates the defendant from the liability which he assumed in placing his endorsement on the note. The eighth paragraph is a mere expression of a legal opinion as to the effect of the endorsement and valueless as an averment of facts tending to show a good defense. We are of the opinion that the learned judge was in error in discharging the plaintiff's rule.

The judgment is reversed, the rule is reinstated and the record remitted to the court below with instructions to make the rule absolute unless other cause be shown to the contrary.