**Roth  v.  Goldberg**

716

*Gerald I. Roth*, p. p., for plaintiff.
*Harry A. Kitey*, for defendants.

WIEAND, J., July 25, 1967.—On May 20, 1965, the attorney-client relationship existing between plaintiff and defendants was terminated. Plaintiff then demanded payment for services rendered in the total sum of $1,025. When his bill was not paid, he started suit before Alderman Joseph Kuti and recovered a judgment for $353.15. That judgment was subsequently paid.

A second suit for the value of legal services was started by plaintiff before Alderman Joseph Rieger, and recovery was had for $349. Defendants appealed that recovery to this court. Pleadings were filed, including a complaint, an answer containing new matter and a reply and after the pleadings were closed, defendants filed a motion for judgment on the pleadings. This motion is presently before the court. It is based upon defendants' contention that plaintiff, having made a total demand for $1,025, cannot split his claim

into separate causes of action and base several suits thereon.

It is a settled rule that an entire cause of action may not be separated into parts in such a manner as to permit a suit to be brought for one part on one occasion, and for the other on another occasion: Philadelphia v. Philadelphia Rapid Transit Company, 337 Pa. 1; 3 Standard Pa. Prac. 62. To permit such would be to encumber unnecessarily the business of the courts and permit a defendant to be twice vexed with suits growing out of a single cause of action. Hence, if only a part of an entire cause of action is sued for, recovery in such action precludes any subsequent action for the part not included in the first suit: Corbet v. Evans, 25 Pa. 310; Fields v. Philadelphia Rapid Transit Co., 273 Pa. 282; Saber v. Supplee-Wills-Jones Milk Co., 181 Pa. Superior Ct. 167.

"The rule that a single claim cannot be divided and made the subject of several suits, the result of which is that if an action is brought for a part of a claim a judgment on the merits will preclude subsequent suit for another part of the same claim, has been frequently applied in actions on contracts. When a contract is entire, and not severable, only one action can be maintained thereon; a party can have no second action on such a contract, not even on clear proof that no evidence was given as to part of the demand in controversy. In other words, he cannot divide his demand thereon into distinct parts and bring separate actions for each. On the other hand, separate actions may be brought upon separate and independent contracts at the pleasure of the parties, subject only to the power of the court to direct them to be consolidated in proper cases": 3 Standard Pa. Prac. 65. "In an action to recover wages for services already performed under a single indivisible contract, the entire amount due at

the time suit is commenced must be sued for, although it would seem that claims for services rendered under separate contracts may be made the basis of separate suits. . . . " : 1 Am. Jur. 2d 655, §141.

The principles applicable to the instant case are clear. If legal services rendered by plaintiff for defendants were covered by a single, indivisible contract, then only one action could be maintained for the value of such services. In that event, the earlier judgment would bar this action. On the other hand, if the legal services for which recovery is sought in this action were performed by virtue of one or more contracts of employment which are separate and apart from the contract or contracts involved in the earlier suit, then plaintiff may bring this, a second action.

The allegations of the complaint indicate that the services set forth therein were rendered pursuant to several employments effected at various times for different pieces of litigation. Whether services which are the subject of this action were performed under one or more of the same contracts of employment involved in the earlier litigation does not appear. The new matter contained in defendants' answer and admitted by plaintiff reveals only that at one time plaintiff made a demand for the value of all services performed prior to the termination of his employment. Without more, this is insufficient to prevent plaintiff from dividing his claim into separate parts, each based on a different contract, and bringing separate actions accordingly. The motion for judgment on the pleadings, therefore, must be denied.

### ORDER

And now, July 25, 1967, it is ordered that defendants' motion for judgment on the pleadings be and it is hereby dismissed.