## Alcott *versus* Hugus.

1. Where a contract is entire and not divisible, but one action can be maintained thereon.

2. Where the subject of a sale consists of an entire lot of growing timber of a certain description, and the price to be paid is not apportioned to any item or part thereof, the contract is entire.

3. By a written agreement A. sold B. the growing timber on a certain tract of land, in consideration whereof B. agreed to "pay presently $25, and give his negotiable notes at three, six, nine and twelve months, in equal instalments," for the balance of $675. The period within which the timber was to be cut was not stated. B. paid the $25 cash, but did not execute or deliver the notes according to the contract. He did, however, proceed to cut and take away the timber. At the expiration of three months A. brought an action against B. on the contract, his narr. containing the common counts, and a special count averring that B. had not paid the several sums of money nor given the notes, as he had promised. The court instructed the jury that the action was for the timber actually taken off before the beginning of the suit. The jury rendered a verdict for the plaintiff for $200. After the expiration of the twelve months, A. brought a second suit against B. on the contract, averring as the breach B.'s failure to pay the money mentioned therein. *Held,—*
   (1.) That the contract was entire, not separable.
   (2.) That under the pleadings, the first action was not brought for an instalment of the purchase money payable in three months, but for the whole; that in such suit, upon making proper proofs, A. was entitled to recover the entire consideration mentioned in the contract, and therefore that the judgment in the first suit was a bar to a recovery in any subsequent action on the contract.

February 14, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

ERROR to the Court of Common Pleas, of *Somerset County :* Of July Term, 1883, No. 15.

This was an action of debt (afterwards changed to assumpsit) by Isaac Hugus against Edward Alcott, to recover on a written agreement for the value of certain growing timber, which the defendant had contracted to pay for by notes at three, six, nine and twelve months.

On the trial, before EWING, P. J., the following facts appeared : In April, 1878, Edward Alcott and one Waltz entered into the following agreement with Isaac Hugus :

"Articles of agreement made April 18, 1878, between Isaac Hugus, of Somerset, Pa., of the one part, and Messrs. Alcott & Waltz, of Pittsburg, Pa., of the other part, witnesseth that said Hugus has this day bargained and sold to said parties of the second part all the timber growing and being upon a tract of land in Addison township, containing 212 acres on Cucum-

ber Run, adjoining land of W. J. Baer, which is suitable for staves, ties, and manufacturing into lumber. In consideration whereof said parties of the second part shall pay presently $25, and give their four negotiable notes at three, six, nine and twelve months in equal sums, to wit, $168.71."

Alcott paid the $25 cash, but discovering that the land was subject to the lien of judgments against Hugus, which might deprive him of his right, before he had taken away the timber, he did not execute and tender the notes as required by the agreement; but did, nevertheless, proceed to cut and carry away the timber without any pretense of a rescission of the contract.

In June, 1878, the land was sold for taxes, which Hugus had failed to pay, and was redeemed by Alcott for $19.37 In April, 1879, the land was again sold by the sheriff in execution under a judgment against Hugus, and was bought by Alcott for $200, a deed therefor being made to him by the sheriff, which was acknowledged February 3, 1880.

On September 25, 1878, Hugus brought an action of debt on the agreement of April 18, 1878, and afterwards by leave of court changed the form of action to assumpsit. On January 19, 1880, he filed an amended declaration, which after setting forth the agreement to pay plaintiff $675 by giving notes therefor, continued as follows:

"By reason whereof and by force of the statutes in such case made and provided the said defendant became chargeable to pay the said plaintiff the aforesaid sum of money in the said agreement mentioned according to the tenor and effect of the agreement aforesaid. And being so chargeable the said defendant in consideration thereof afterwards, to wit; on the same day and year last aforesaid, upon said day did assume and to the said plaintiff did then and there faithfully promise to pay to the said plaintiff the aforesaid sums of money in the said agreement according to the tenor and effect of the agreement aforesaid."

Then followed the common counts and the following conclusion: "Nevertheless the said defendant not regarding his said several promises and undertakings . . . . . has not yet paid the said several sums of money nor given his said negotiable notes to the said plaintiff as he promised to do, or any or either of them, or any part thereof to the said plaintiff, although often requested so to do . . . . . to the damage of the said plaintiff $1,000. . . . . .

Hugus also filed a statement of claim for the whole amount for which the timber was sold, and obtained judgment thereon for want of a rejoinder. This judgment was afterwards set aside and the case tried before a jury. The Court, ROWE,

[Alcott *v.* Hugus.]

P. J., holding special term, instructed the jury, *inter alia,* as follows : " As the narr. is drawn, it is not for refusing to give the notes but for the timber actually taken off by the defendant from the plaintiff's land, under the agreement prior to the 25th September, 1878, which was the day when this action was begun.   The plaintiff contends that whilst the defendant did not give his negotiable notes, he nevertheless did enter on the land pursuant to the agreement, and did cut down all the timber suitable for staves, ties, and for working into lumber, before this action was brought.   If this be so the defendant must pay the sum specified in the writing.   If prior to the 25th September 1878, the defendant, Mr. Alcott, had not cut more trees than would be equivalent to the $25 he had paid on execution of the article, the plaintiff ought not to recover anything.   And if the defendant cut the trees on this Hugus land both before and after the 25th September, 1878, he is to pay for what he cut off before that date and according to the price fixed in the agreement."

A verdict was accordingly rendered for the plaintiff for $200, judgment entered thereon May 24, 1882, and the money made on an execution against the defendant.

On August 17, 1882, Hugus brought the present suit against Alcott, declaring first in debt, and afterwards amending to assumpsit.   The narr., after setting forth the agreement of April 18, 1878, contained the following special counts thereon :

" The said defendant did go in and upon the said tract of two hundred and twelve acres of land, and did then and there cut down, take and carry away all the timber growing and being on said tract of land, that was suitable for staves, ties and manufacturing into lumber in accordance with said agreement made by the said plaintiff and defendant.   And the said defendant was indebted to the plaintiff on the 12th day of August, 1882, in the sum of one thousand dollars for the price of timber trees then and there sold and delivered by the plaintiff to the defendant at his request."   Then followed the common counts as before, and the conclusion, that the defendant had disregarded his promises to pay the said several sums of money set out in the contract, to the damage of the plaintiff $1,500.

At the trial of this second suit the defendant asked the court to instruct the jury, that from the pleadings in both actions all matters in the said second suit were *res judicata,* and that the plaintiff was estopped by the former recovery. This was refused by the court, and the jury were instructed in the general charge, inter alia, as follows :

" On an inspection of the whole record and papers including the Judge's charge in the case, we are of the opinion that the

[Alcott *v.* Hugus.]

judgment in the case cannot be held to be a bar to the recovery of the last three payments—it may be a bar to a recovery of any part of the first payment, and you will deduct all of that —although the judgment for $200 was less than the first payment with interest."

Verdict for plaintiff for $363.76 and judgment thereon. Whereupon the defendant took this writ, assigning for error the refusal of his points, and that part of the general charge above quoted.

*Valentine Hay* (with whom were *Colborn & Colborn*), for plaintiff in error.—The first action was not for the money promised to be secured by the notes, because only one fourth of it was due when the action was brought. It was for a failure to give the notes according to the agreement referred to in the narr., and for that the plaintiff could recover the entire sum for which all the notes were to be given. It follows, therefore, that his recovery in that action is a bar to a subsequent suit on the same contract: Shenk *v.* Mingle, 13 S. & R., 28; Sykes *v.* Gerber, 2 Out., 183; Hess *v.* Heeble, 6 S. & R., 57.

*J. O. Kimmel*, for defendant in error.

Mr. Justice TRUNKEY delivered the opinion of the court, March 3, 1884.

By the agreement Hugus sold to Alcott & Waltz " all the timber growing and being upon a tract of land in Addison Township, containing two hundred and twelve acres, on Cucumber Run, adjoining land of W. J. Baer, which is suitable for staves, ties and manufacturing into lumber; in consideration whereof said parties of the second part shall pay presently $25, and give their four negotiable notes at three, six, nine and twelve months in equal sums, to wit: $168.71." ·Within what period the timber was to be cut and taken is not stated, but the time and mode of payment are specified. In the first action the plaintiff could have recovered the whole contract price, if none of the timber had been cut, on the ground that the defendant had refused to give the notes. Refusal to give the notes was a breach of the contract, and the measure of damages could have been nothing less than the whole sum for which the notes were to have been given. Judgment upon the contract for default in giving the notes would have discharged the obligation; it could not be split into several actions: Shenk *v.* Mingle, 13 S. & R., 29. Had the timber all been cut before the beginning of that action, the plaintiff could have recovered the contract price, although, had the

9 OUTERBRIDGE.—23.

notes been given, only one would have been due, for the defendant could not have time for payment of the money after the breach of contract to give notes.

The subject of sale consisted of the entire lot of standing timber of a specified quality, and the price to be paid was not apportioned to any item or part thereof, and therefore the contract is entire: Lucesco Oil Co. *v.* Brewer, 66 Pa. St., 351. A gross sum was to be paid for the timber, and the divisible nature of the payment had no effect upon its entirety. The consideration was cash and negotiable notes, presently to be paid and delivered. Although the notes were to become due at different dates, the vendor was entitled to them immediately.

The plaintiff filed in his first suit a narr. containing common counts, and a special count upon the written contract, averring that the defendant had not paid the several sums of money, nor given said negotiable notes as he had promised to do, or any or either of them, or any part thereof. He filed a statement of claim for the whole amount for which the timber was sold. But the court instructed the jury that the narr. was not for refusing to give the notes, but for timber actually taken by the defendant, under the agreement, prior to September 25, 1878; that if the defendant had cut all the timber prior to that date, he must pay the whole consideration; "and if the defendant cut the trees on this Hugus land, both before and after the 25th September, 1878, he is to pay for what he cut before that date, and according to the price fixed in the agreement." Neither the pleadings nor instructions of the court show that the plaintiff claimed a specific part of the consideration for which the note at three months was to be given; on the contrary, both show that he claimed the whole. The plaintiff presented his allegations and proofs in his own way; whether the ruling of the court was right or wrong is not now a question, for the judgment stands unimpeached.

Here, the narr. contains common counts, and a special count upon the same contract. The foundation for recovery in the former suit was the same as it is in this, and that judgment is a conclusive bar to another recovery: Corbet *v.* Evans, 25 Pa. St., 310. Whether the former claim was based on the breach for not giving the notes, or on the price of the timber according to the agreement, it was upon the contract. If for the default in not giving the notes, and it were clear that the verdict was only for one of them, he could not recover the amount of the others in a second suit: Logan *v.* Caffrey, 30 Pa. St., 196. No principle is better settled than that where a contract is entire, and not severable, but one action can be maintained thereon. The plaintiff was utterly mistaken if he

[Alcott *v.* Hugus.]

supposed he could sustain suits on this contract, from time to time during the cutting of the timber by the defendant, for such sums as the timber cut was worth, measured proportionately to the price of the whole. When he claimed all the purchase money on the ground that all the timber had been cut and the notes had been refused, if he proved the claim, he was entitled to a verdict for the whole. After a trial on the merits, the judgment bars another suit for the same thing.

This is unlike a case where the first action was defeated by a mere technical objection. Where the merits of the second suit were necessarily excluded in the first, the plaintiff ought not to be barred, as where the judgment set up did not spring from the foundation of the action, but was the consequence of an objection that touched only the plaintiff's then right to sue: Carmony *v.* Hoober, 5 Pa. St., 305. And in covenant where the plaintiff declared for instalments not due as well as those that were due, and the jury expressly found for those due, the recovery was not a bar to an action for an instalment not due at the institution of the first suit: Kane *v.* Fisher, 2 Watts, 246.

Unfortunately for this plaintiff his first suit was not brought for an instalment of purchase money, payable at a certain date; it was for the purchase money on an entire contract, and the judgment for a small fraction of his demand discharged the obligation. Even where a demand originally consisted of distinct parts, and the plaintiff chose to have it tried as if entire, but recovered only a part, he is barred from recovering the other in a second action: Hess *v.* Heeble, 6 S. & R., 57. We conclude with the final remark of Justice GIBSON in that case: "I am aware that this decision may bear hard on the justice of the cause, and I regret it; but it is peculiarly the province of a Court of Error to hold the rule steady and see that the particular equity of a case does not prevail over the law."

Judgment reversed.