## Pennock, Adm'r, *v.* Kennedy, Appellant.

[Marked to be reported.]

*Judgment—Conclusiveness of—Appeal.*

A judgment entered for want of a sufficient affidavit of defence, and affirmed by the Supreme Court on appeal, is conclusive of the matters that were actually considered and those that might have been considered if the defendant had exercised the vigilance the law requires of parties litigant in the preparation and trial of their cases.

After a judgment entered on an affidavit of defence is affirmed by the Supreme Court, an appeal cannot be taken from a subsequent order of the lower court refusing to open the judgment where the only ground alleged is after-discovered evidence, which was not offered before " on account of the unwillingness of witnesses to give information."

*Opening judgment—Appeal—Act of May* 20, 1891.

The act of May 20, 1891, P. L. 101, does not extend the power of the common pleas to open, vacate, or strike off a judgment, but simply extends the right of appeal to certain orders which had been previously regarded as within the discretionary powers of the lower court.

Argued March 18, 1893.    Appeal, No. 365, Jan. T., 1893, by defendant, Ebenezer F. Kennedy, from order of C. P. Chester Co., Aug. T., 1892, No. 12, discharging rule to open judgment.    Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Rule to quash appeal and for penalties under act of 1874.

From the record it appeared that, on July 14, 1892, the court made absolute a rule for judgment for want of a sufficient affidavit of defence.    On Feb. 20, 1893, the Supreme Court affirmed the judgment [the preceding case].    On the same day the lower court granted a rule to show cause why the judgment should not be opened, on a petition of defendant which alleged that he had discovered important evidence after the entry of the judgment, which he could not obtain before " on account of the unwillingness of witnesses to give him information."    The court subsequently made absolute a rule to vacate the rule to open judgment, entering the following decree :

" And now, to wit, February 22, 1891, the above rule coming on to be heard by the court and having been argued by counsel, it is ordered and decreed by the court that the rule be made absolute, and that the rule and order of the court made Feb-

ruary 20, 1893, be vacated and annulled, the court not being aware at the time of granting of said rule and the making of the said order that the judgment sought to be opened was one of affirmance by the Supreme Court and notwithstanding the order of the court made to-day."

*W. S. Harris* showed cause.—The only reason the court below gave for refusing to open the judgment was because it had been affirmed by this court. They were of the opinion that a decision or judgment affirmed by this court could not be interfered with in any way by them, even for reasons of the most urgent kind, whether it was afterwards discovered by the most positive evidence that the defendant owed nothing on the judgment, or whether just and equitable reasons of any kind presented themselves for consideration.

This court is now called upon to decide whether or not, under the act of 1891, the court below has a right, for proper reasons, not passed upon by any court, to open a judgment affirmed by this court, and, upon its refusal to do so, whether or not the aggrieved party has a right to appeal to the higher court. This court, however, has already decided that question. In the case of Philadelphia v. Kates, 150 Pa. 30, the lower court first entered a judgment for want of an affidavit of defence. A rule was afterwards taken to show cause why the judgment should not be stricken off, and the court made the rule absolute. On appeal to this court the judgment was reinstated.

The act of 1840, 2 Purd. Dig. 1286, § 61, providing for a bill of review, does not seem to be as sweeping in its language as the act of 1891, yet this court, in a per curiam opinion, has said of the former: " We are clearly of opinion, that the orphans' court can entertain a bill of review, under the act of 1840, notwithstanding the decree of affirmance of this court." Parker's Ap., 61 Pa. 487; Young's Ap., 99 Pa. 83.

The motion to quash is premature; it should not be made before the return day: Moodie v. Bank, 1 W. N. 324; Seymour v. Herbert, 2 W. N. 363.

*S. D. Ramsey,* contra.—No appeal lies from a refusal to open a judgment which has been affirmed by the Supreme Court: Hughes's Ap., 90 Pa. 63; Titusville Iron Works v. Keystone Oil Co., 130 Pa. 211; James's Ap., 87 Pa. 428.

The act of 1891 does not apply: Kelber v. Pittsburgh Plow Co., 146 Pa. 485.

Where it appears from the record that there is no error, the appeal will be quashed before the return day: Davis v. Hood, 13 Pa. 171.

OPINION BY MR. JUSTICE WILLIAMS, March 20, 1893:

The question on which this motion depends must be considered in the light of the provisions of the act of 1887 abolishing the distinctions between forms of action. The act declares that the defendant in all actions of assumpsit shall, if required so to do by the plaintiff, reply to the plaintiff's statement of his cause of action by an affidavit stating his defence. This affidavit serves a double purpose. It discloses to the court facts which if made to appear to the satisfaction of a jury would make a good defence, and so carries the case to a jury for determination. It is also a notice of special matter to the plaintiff. If it does not state a good defence the plaintiff may move for judgment for that reason. Upon such motion the question for the court is whether the facts set forth in the affidavit would, if shown, justify a verdict for the defendant. If they would not, then the plaintiff should have judgment in his favor. Pending this motion the defendant may amend his affidavit or file a new one, so as to get his defence fully before the court. Failing in this, he may, even after judgment has been entered against him, ask to have the judgment opened in order to let him in to an omitted or imperfectly stated defence, and this will be done upon a proper showing, under such terms as the court may think it just to impose. But it is due to the court in which the cause is pending, and to the orderly administration of justice, as well as to his adversary and himself, that he should state his defence fully in his affidavit and its amendments before it is finally passed upon by that court, for upon an appeal the question is over the correctness of the conclusion reached by the court below upon the facts before it.

All the facts therefore pertinent to his defence that are within his knowledge should be presented to the court below, for the judgment rendered is, not that he shall answer over, but that the plaintiff shall recover his demand. If upon an appeal the judgment in favor of the plaintiff is affirmed, the judgment

is final. It is conclusive of the plaintiff's right to recover as against the facts alleged as a defence and the facts that might have been alleged. The defendant was called upon to answer the plaintiff's demand. He might make, and it was his duty to make, a sufficient answer, if he had one to make. He cannot set up part of his facts and take the judgment of the court below and of this court upon their sufficiency, and, failing in both, begin over again and state another fact, and in case of judgment against him take another appeal, and so on. This would be vexatious, dilatory and expensive to an intolerable degree.

The rule in relation to judgments entered upon verdicts is well settled. Such a judgment is conclusive not only upon the items actually recovered for, but upon those for which the plaintiff might have recovered: Corbet v. Evans, 25 Pa. 310 ; Logan v. Caffrey, 30 Pa. 196 ; Alcott v. Hugus, 105 Pa. 350. The same rule is applied to matters of set-off. A defendant who fails to set off his cross demand against the plaintiff's action is barred from recovering it by an independent suit. The judgment in this case had been rendered originally after a consideration of all the facts the defendant saw fit to state as constituting his defence. The defendant then appealed to this court and, after hearing, the judgment against him was affirmed. The right of the plaintiff to recover the demand stated by him was then finally adjudicated and the litigation was at an end. The judgment may be opened for matters arising subsequently, but, so far as the plaintiff's right to recover in the action is concerned, the judgment of the common pleas, affirmed by this court, is an end to the controversy.

We do not say that circumstances might not be disclosed that would justify a chancellor in enjoining the plaintiff against the collection of his judgment, but we do say that no such circumstances are disclosed in this case.

The appellant relies upon the act of 1891, P. L. 101, as authority for the opening of a judgment under the circumstances existing in this case. That act does not extend the power of the common pleas to open, vacate or strike off a judgment, but simply extends the right of appeal to some orders which had been previously regarded as within the discretionary powers of the court in which the judgment had been obtained. Philadel-

phia v. Kates, 150 Pa. 30, gave no such construction to the act of 1891 as the appellant contends for. The subject under discussion in the passage quoted from the opinion of our brother MITCHELL in that case relates to the exercise of the power of the common pleas to open a judgment, and the considerations that should regulate its exercise, so that no injustice should be done to the plaintiff by such order if made. We are clearly of opinion that the court below was right in refusing the application to open the judgment in this case, and in holding that a judgment, rendered in the common pleas and affirmed by this court on appeal, is conclusive of the matters that were actually considered, and those that might have been considered, if the defendant had exercised the vigilance the law requires of parties litigant in the preparation and trial of their cases.

The defendant had no right upon the facts now presented to a second hearing in the court below, and he has no right to a second hearing in this court.

The appeal should therefore be quashed.