**John F. KLECHA and Fred B. Spatt, Plaintiffs,**

v.

**Leslie L. BEAR and Vickie Bear, his wife, et al., Defendants.**

Civ. No. 88–0318.

United States District Court, M.D. Pennsylvania.

March 23, 1989.

Morris I. Raub, Scranton, Pa., for plaintiffs.

James A. Swetz, Stroudsburg, Pa., for defendants.

## MEMORANDUM AND ORDER

NEALON, District Judge.

Currently before the court in the above-captioned diversity action is defendants' motion for summary judgment on the grounds of res judicata. For the reasons that follow, defendants' motion will be granted and this action will be dismissed.

## BACKGROUND

On August 29, 1987, plaintiffs, citizens of New Jersey, entered into an agreement of sale with defendants, citizens of Pennsylvania, related to the operation and business of the Trimline Fitness Center Health Club. The total purchase price of the transaction was six hundred and seventy thousand dollars ($670,000). As part of the purchase price, plaintiffs executed two (2) promissory notes payable to defendants for a total of one hundred thirty thousand dollars ($130,000). Plaintiffs allege in their complaint that they were induced to enter into the contemplated transaction in reliance on defendants' representations that the active club membership list consisted of at least 800 members and that accounts receivable on the closing date would total twelve thousand six hundred and fifty dollars ($12,650). After the closing date of the transaction, September 23, 1987, plaintiffs learned that the active membership list consisted of only 305 names and that accounts receivable totaled only one thousand two hundred and ten dollars ($1,210).

Plaintiff filed the instant action on February 29, 1988. *See* document 1 of record. The complaint contains counts for breach of contract, breach of warranty, misrepresentation, fraud, and indemnification. Plaintiffs request restitution, rescission, and compensatory and punitive damages. *See generally id.*

When plaintiffs failed to pay the deferred balance on the purchase price, defendants obtained two judgments by con-

fession against plaintiffs on October 28, 1988 (a) for monetary damages totaling one hundred fifty five thousand nine hundred and forty three dollars and fifty seven cents ($155,943.57) and (b) for possession of the real property in the Monroe County Court of Common Pleas. *See* document 11 of record, at ¶¶ 5–6; document 12 of record, Exhibits A and B. On November 15, 1988, plaintiffs filed a petition for a rule to show cause why the judgment for possession should not be stricken, marked satisfied, opened, or judgment entered for punitive damages against defendants. *See* document 11 of record and Exhibit D. No such petition was filed in connection with the monetary judgment. Plaintiffs attached to their petition a copy of the complaint from this action to support their contention that they "have meritorious defenses with regard to satisfaction of the alleged debt, set-off with regard to said debt, counter-claim with regard to said debt, and/or credits with regard to said debt...." *See id.*, Exhibit D, at ¶¶ 8–12.

The Monroe County Court of Common Pleas issued a rule to show cause and stayed all enforcement proceedings on the judgment for possession. Defendants filed an answer contesting any proceedings to strike or open the judgment for possession. To date, the judgment for possession has neither been stricken nor opened. As stated previously, plaintiffs have not challenged the judgment for damages in the state court. *See* document 13 of record, at p. 5.

On November 1, 1988, this matter was placed on the court's January trial list. *See* documents 8 and 9 of record. Defendants filed their motion for summary judgment on December 9, 1988. *See* document 11 of record. A supporting affidavit and brief were filed on the same date. *See* documents 12 and 13 of record. Plaintiffs submitted their brief in opposition to the motion on December 30, 1988. *See* document 16 of record. At the pretrial conference on January 12, 1989, the court continued the case so the parties could file supplemental briefs on the res judicata issue. *See* document 19 of record. Plaintiffs submitted their brief on January 29, 1989 and the court received defendants' reply brief on February 21, 1989. *See* documents 20 and 21 of record, respectively. This matter is now ripe for disposition.

## DISCUSSION

When examining a motion for summary judgment, the court must view all facts in the light most favorable to the party opposing the motion. *Betz Laboratories, Inc. v. Hines*, 647 F.2d 402, 404 (3d Cir.1981). If there exists a genuine issue as to any material fact, summary judgment must be denied. Fed.R.Civ.P. 56(c). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* (citing 10A C. Wright, A. Miller and M. Kane, *Federal Practice & Procedure* § 2725, at pp. 93–95 (1983)). In addition, summary judgment will not lie if the dispute about a material fact is "genuine," that is, "if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party." *Id.* In opposing a motion for summary judgment, a party must present evidentiary affidavits or risk having the undisputed statements contained in the movant's affidavits taken as true. *See* Fed.R.Civ.P. 56(c); *see also Sierra v. Lehigh County Pennsylvania*, 617 F.Supp. 427, 429 (E.D.Pa.1985).

While many factual disputes exist surrounding the sales transaction that forms the basis for this action, the court does not find them to be "material." Defendants contend that the present action is barred on res judicata grounds because of the judgments by confession entered by the Monroe County court. Plaintiffs argue in turn that res judicata is not here applicable because the judgments in confession cannot be considered final. As this is a pure question of law, defendants' summary judgment motion is clearly appropriate. *See, e.g., Reedy v. State of Florida, Department of Education*, 605 F.Supp. 172, 172 (N.D.Fla.1985) (summary judgment was appropriate on issue as to whether unappealed decision by

State Human Relations Commission should be accorded preclusive effect, which was purely a question of law); *Odom v. Tripp*, 575 F.Supp. 1491, 1492–1493 (E.D.Mo.1983); *Mellon Nat'l Bank and Trust Co. v. Nationwide Mutual Insurance Co.*, 32 F.R.D. 365, 366 (W.D.Pa.1962) ("Any questions of law existing after an answer is filed may, despite issues of fact, be raised in proper motions under F.R.Civ.P. 12 or 56, and be resolved before trial").

■ According to Pennsylvania law, a judgment by confession operates as res judicata and bars examination "of that judgment or any other claims arising out of the same transaction or nucleus of events." *Delahanty v. First Pennsylvania Bank, N.A.*, 318 Pa.Super. 90, 139–140, 464 A.2d 1243, 1268 (1983) (citing *Devlin v. Piechoski*, 374 Pa. 639, 99 A.2d 346 (1953); *Stradley v. Bath Portland Cement Co.*, 228 Pa. 108, 77 A. 242 (1910); *Weaver v. Adams*, 132 Pa. 392, 19 A. 271 (1890)). In *Weaver v. Adams*, plaintiffs attempted to introduce parol evidence to show that a judgment by confession obtained by defendant against plaintiffs in a prior action contained certain implied conditions. Distinguishing a previous case, the *Weaver* court [1] stated as follows:

> To admit parol evidence to show that Jacob Griel was not liable as surety for Stark, was quite a different thing from permitting the [plaintiff] Weavers in this action to prove by parol that the judgment in Adams's favor is to be read as if it contained an obligation on Adams's part to pay debts which the Weavers owed to other parties, and to perform the other conditions above set forth. In the former case, the evidence ruled to be admissible was upon the question whether anything was due according to the terms of the judgments. In the case in hand, to submit the question above stated to the jury, would be asking them to determine whether an absolute judgment is to be accepted as such, or, whether there is to be superadded a contract that

the plaintiff therein shall pay money for the defendants' benefit; and such issue would be in a collateral proceeding, in this action of assumpsit brought by the defendants in the judgment against the plaintiff therein. For such a course there is no warrant in the law. It would be an inquiry into the validity of a judgment in a collateral proceeding. "It is settled, if anything can be, that an erroneous judgment or irregular execution not void can be set aside only by direct and appropriate action by parties having an interest in the same, and not by collateral attack under cover of any other proceedings...."

*Weaver v. Adams*, 132 Pa. at 397–398, 19 A. at 271 (citations omitted). Likewise, the court in *Stradley* stated as follows:

> In the case before us, no judgment could have been entered for want of an affidavit of defense, unless the statement had presented a valid ground for such judgment, and the ground presented was, that there was a contract for the salary sued for; that it was payable monthly, and that it had not been paid for the first month. The entry of judgment judicially ascertained these facts, and as that judgment stands unreversed and unappealed from, those facts are in law absolute and cannot be gainsaid in another proceeding. If the defendant felt that in justice he ought to escape their consequences, it was his duty to show to the court that entered the judgment some reason why it should be set aside or modified.

*Stradley v. Bath Portland Cement Co.*, 228 Pa. at 114–115, 77 A. at 244 (citing *Schwan v. Kelly*, 173 Pa. 65, 71, 33 A. 1107, 1107 (1896)); *see also Pennock v. Kennedy*, 153 Pa. 579, 26 A. 217 (1893) (judgment is conclusive not only of the matters that were actually considered but also of those that might have been raised if the defendant had exercised the vigilance that the law requires).

The case of *Schwan v. Kelly, supra*, is very similar to the one presently before

---

**1.** In *Weaver*, the Pennsylvania Supreme Court affirmed per curiam on the basis of the trial court's opinion. *See Weaver v. Adams*, 132 Pa. at 398, 19 A. 271. Thus, the language quoted is actually that of the trial judge.

this court. In that case, the defendant agreed to sell an interest in a tract of land to plaintiff. Plaintiff paid part of the purchase price in cash, with the remainder secured by a bond and mortgage. Plaintiff alleged that after the deed and mortgage were executed, he discovered certain misrepresentations and frauds performed by defendant going to the value of the land. Plaintiff then tendered the deed back to defendant and demanded repayment of the purchase price and the cancellation of the deed and mortgage, but this tender was refused by defendant.

A scire facias was issued on the mortgage and duly served on plaintiffs. When no defense was interposed, a judgment was entered in favor of defendant. Plaintiffs then filed an action to rescind the contract and to require the return of the purchase money, but the trial court dismissed the action on the ground that the judgment on the scire facias was an adjudication of all matters set up by plaintiffs' action and was thus a bar to the proceedings. On appeal, the court held as follows:

> The rule that what has been judicially determined shall not again be made the subject of controversy extends to every question in the proceedings which was legally cognizable, and applies where a party has neglected the opportunity of trial, or has failed to present his cause or defense in whole or in part under the mistaken belief that the matter would remain open and could be made the subject of another proceeding. A verdict and judgment in a suit on a mortgage establish the fact that the debt is due and preclude the defendant from setting up fraud as a defense in an action on the bond, and are conclusive on this ground in an action of ejectment for the land sold under the judgment. . . .

*Schwan v. Kelly*, 173 Pa. at 72, 33 A. at 1107.

It is perhaps interesting to note that the court actually decided that plaintiffs' suit was *not* barred because plaintiffs' claims of fraud and misrepresentation could not have been effectively asserted in the action at law on the mortgage. Instead, the claims raised by plaintiffs were "matters which [come] within the peculiar province of equity" and thus were not cognizable in the former action. *See id.* at 73–74, 33 A. at 1108. No such problem exists today, however, since the jurisdiction of the Monroe County Court of Common Pleas is now "broad enough to cover the whole ground and leave no essential point untouched and open for consideration." *Id.* at 73, 33 A. at 1108; *see also* Pa.R.C.P. No. 2959(a) ("Relief from a judgment by confession shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition"); *Meara v. Hewitt*, 455 Pa. 132, 314 A.2d 263 (1974) (equity action seeking cancellation of a mortgage was combined for trial purposes with an action to quiet title and an action in mortgage foreclosure "due to the fact that all of the actions turned on the common legal question of whether the mortgage executed was valid"). Thus, when applied in today's procedural context, the rationale of *Schwan v. Kelly* as well as the other authorities cited above dictates the conclusion that plaintiffs' current action is barred by the judgments by confession that defendants obtained in the Monroe County Court of Common Pleas.

■ Plaintiffs nevertheless argue that the judgments by confession cannot be considered "final" judgments because of the petition to strike the judgment for possession that is currently pending in Monroe County. The court cannot agree. Restatement (Second) of Judgments § 13 (1982) defines a "final judgment" as "any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." Comment f to section 13, which concerns the effect of proceedings to set aside or reverse a judgment, reads as follows:

> A judgment otherwise final for purposes of the law of res judicata is not deprived of such finality by the fact that time still permits commencement of proceedings in the trial court to set aside the judgment and grant a new trial or the like; nor does the fact that a party has made such a motion render the judgment nonfinal. This is the case even when a statute or rule of court provides that the judgment cannot be executed upon or otherwise

enforced during the period allowed for making such a motion and the further period until the motion if made is decided. The judgment ceases to be final if it is in fact set aside by the trial court, as it would be upon the granting of a motion for a new trial.

*See id.* comment f. In a recent case governed by Pennsylvania law, the Third Circuit Court of Appeals cited comment f to section 13 with approval. *See Cowgill v. Raymark Industries, Inc.*, 832 F.2d 798, 802 (3d Cir.1987). In addition, the rule announced in comment f is consistent with the Pennsylvania authorities cited above. For example, the *Stradley* court stated as follows:

> It is settled public policy that validity must be attributed to judgments of courts, and that when a matter has once properly passed to final judgment, it has become res judicata, and the same matter between the same parties cannot be reopened or subsequently considered, save only by a direct appeal for reconsideration to the tribunal that gave the first judgment, or by proceedings for reversal had in an appellate court. So long as a judgment stands unreversed and unappealed from it may not be questioned in any other case. And the circumstance that there was no legal contest in reaching the judgment does not impair its effect.

*Stradley v. Bath Portland Cement Co.*, 228 Pa. at 113, 77 A. at 243; *see also Delahanty v. First Pennsylvania Bank, N.A.*, 318 Pa.Super. at 140, 464 A.2d at 1268 ("The proper forum to challenge a confessed judgment is the place where the judgment has been entered"). Finally, plaintiffs' argument overlooks the fact that no petition to strike or open the judgment has been filed in connection with the judgment by confession for money damages.

The court's decision by no means leaves plaintiffs without recourse. Similarly, the court makes no comment on the merits of plaintiffs' allegations of fraud and deceit on the part of defendants. It simply means that, at least initially, plaintiffs must raise their claims in the Monroe County Court of Common Pleas using the procedure outlined in Pa.R.C.P. No. 2959 (striking off or opening judgment; pleadings; procedure). Since there is no absolute time limit on the exercise of the power of the court to open a confessed judgment, *see Haggerty v. Tetner*, 332 Pa.Super. 333, 345, 481 A.2d 641, 647 (1984) (quoting *First National Bank of Allentown v. Stoudt*, 237 Pa.Super. 238, 241, 352 A.2d 162, 164 (1975)), it may be that plaintiffs would still be permitted to challenge the judgment for damages. If plaintiffs are then successful in having the existing judgments opened and set aside, they could then reassert the claims contained in their instant complaint in the forum of their choosing.

An appropriate Order will enter.

### ORDER

NOW, this 23rd day of March, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

(1) Defendants' motion for summary judgment is granted based solely on the grounds of res judicata.

(2) Judgment is hereby entered in favor of defendants and against plaintiffs.

(3) The Clerk of Court is directed to close this case.