Sujing ZHANG,

v.

SOUTHEASTERN FINANCIAL GROUP, INC., Andrew J. McClure, Esq., Haven–Scott Associates, Inc., James G. Johnson, PNC Bank, N.A., Judith Lupinski, a/k/a Judy Lupinski, William E. Donnelly, Prothonotary of the Court of Common Pleas of Montgomery County, Penna, and Frank P. Lalley, Sheriff of Montgomery County, Penna.

No. CIV. A. 95–2126.

United States District Court, E.D. Pennsylvania.

Sept. 3, 1997.

Sharon K. Wallis, Philadelphia, PA, for Plaintiff.

Andrew J. McClure, King of Prussia, PA, Richard G. Johnson, Pittsburgh, PA, Robert M. Morris, Courtney L. Yeakel, Burt M. Rublin, Philadelphia, PA, Timothy T. Myers, Blue Bell, PA, for Defendants.

## *MEMORANDUM*

WALDMAN, District Judge.

### I. *BACKGROUND*

In a 230 paragraph amended complaint, plaintiff essentially alleges that the various defendants respectively induced her by fraud to sign an employment services contract and promissory note with a confession of judgment clause, used unlawful means to collect the debt after she failed to pay the amount due on the note, violated her constitutional right to procedural due process by entering a confessed judgment and effecting a writ of execution against her bank account, and failed to protect her exemption of $300 from attachment. Plaintiff asserts claims against defendants Haven–Scott, Johnson, Southeastern, McClure and Lupinski ("the Haven–Scott defendants") for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 42 U.S.C. § 1983 and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), as well as a RICO claim against defendants Johnson, McClure and Lupinski. Plaintiff also asserts a claim against defendants Haven–Scott, Johnson and Southeastern for rescission of the service agreement.

In Count I plaintiff claims that the Haven–Scott defendants engaged in illegal debt collection activities in violation of 15 U.S.C. § 1692.

In Count II, plaintiff claims that the individual Haven–Scott defendants violated the RICO statute by engaging for a substantial period in a pattern of mail and wire fraud in executing two related schemes. First, these defendants allegedly misrepresented the nature and quality of Haven–Scott's services to induce persons to sign a service agreement and promissory note. Second, defendants allegedly induced unwary persons to sign notes containing confession of judgment clauses to whom they then misrepresented the law to coerce payments or whose property they seized in violation of due process requirements.

In Count III plaintiff claims that the Haven–Scott defendants are liable under 42 U.S.C. § 1983 for confessing judgment and executing against her property in violation of due process, the FDCPA and 16 C.F.R. § 444.2.

In Count IV plaintiff seeks rescissionary relief as to the service agreement and note.

In Count V plaintiff claims that the Haven–Scott defendants' deceptive advertisements, misrepresentation of the nature of Haven–Scott's services, inducement to Ms. Zhang to execute the note with a confession of judgment clause and collection of the debt violate the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

In Count VI plaintiff seeks declaratory and injunctive relief against the Haven–Scott defendants, including a declaration that the promissory notes they use are illegal and unenforceable and an injunction against their further use of such notes.

Presently before the court are defendants' motion for partial summary judgment and plaintiff's cross-motion for summary judgment.[1] The parties respectively contend that certain of plaintiff's claims are and are not barred as a matter of law by res judicata.

Plaintiff has withdrawn Count VI, the statutory claims under 42 U.S.C. § 1983 and the claims for damages under UTPCPL for taking or threatening "non-judicial" action against plaintiff by execution on a confessed judgment. Plaintiff has also withdrawn her FDCPA claim to the extent it is based on alleged conduct prior to April 11, 1994.[2]

## II. LEGAL STANDARDS

In considering a motion for summary judgment, the court must determine whether the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, and whether the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); *Arnold Pontiac–GMC, Inc. v. General Motors Corp.*, 786 F.2d 564, 568 (3d Cir.1986).

Only facts that may affect the outcome of a case under applicable law are "material." All reasonable inferences from the record must be drawn in favor of the non-movant. *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Although the movant has the initial burden of demonstrating the absence of genuine issues of material fact, the non-movant must then establish the existence of each element on which it bears the burden of proof. *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir.1990) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)), *cert. denied*, 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991).

## III. FACTS

The pertinent facts as uncontroverted or taken in a light most favorable to plaintiff are as follow.

Haven-Scott is a Pennsylvania corporation owned by defendant Johnson. It provides employment services to clients for a fee of

---

1. Defendants principally rely on the averments in plaintiff's pleadings but also submit some pertinent evidence beyond the pleadings.

2. An FDCPA claim must be asserted within one year of an alleged violation. *See* 15 U.S.C. § 1692k(d).

$3,120. Defendants Johnson and Lupinski are officers and employees of Haven–Scott and work from its offices in King of Prussia, PA. These defendants routinely made misrepresentations about the nature of Haven–Scott's services and its certification or regulation by public authorities to induce unemployed persons to sign service agreements. Defendant Johnson represented to plaintiff that Haven–Scott had extensive contacts throughout the Delaware Valley and that he would "set up" ten to fifteen job interviews for her within two weeks. Plaintiff signed the service agreement in reliance upon these representations. The actual service agreement which she signed, however, does not provide for these services. It provides only that Haven–Scott will supply career counseling and a list of possible employers with their addresses. No one ever arranged any interviews for plaintiff.

When signing a service agreement, applicants must pay the $3,120 fee or pay a deposit and execute a promissory note for the balance, made payable to Southeastern and containing a warrant of attorney to confess judgment. Defendant Johnson told plaintiff that she would not have to pay the amount due until she had secured a job. Plaintiff paid $500 to Haven–Scott and executed a note on December 14, 1993, promising to pay $2620.00 to Southeastern in monthly installments of $218.33.

Southeastern is also owned by defendant Johnson and is controlled by the same officers as Haven–Scott. Mr. Johnson witnessed and signed the note executed by plaintiff. The principal activity of Southeastern is the collection of debts. Defendant McClure is an attorney and an officer of Southeastern. He has an office at Haven–Scott and regularly engages in debt collection.

Plaintiff was unable to find a job and almost immediately defaulted on her payment obligation. In March of 1994, defendant Johnson told plaintiff that Haven–Scott would not provide her with any further services and defendant McClure, under the direction of defendants Johnson and Lupinski, attempted to collect her debt. He sent plaintiff several letters which did not identify him as an employee of Southeastern or Haven–Scott. He threatened to confess and execute on a judgment against plaintiff. Copies of these letters were sent contemporaneously to defendant Johnson.

Plaintiff secured the services of Marian Nowell, Esq. who wrote to Mr. McClure on April 13, 1994 to advise him that plaintiff was now represented and that further communication should be through counsel. On at least one occasion thereafter, defendant McClure wrote directly to plaintiff regarding her debt. Ms. Nowell also demanded that Mr. McClure desist from further collection efforts because the underlying transaction "represents an unfair trade practice" and the confession of judgment clause was unconstitutional.

On April 27, 1994, Mr. McClure filed in the Court of Common Pleas of Montgomery County a complaint in confession of judgment on behalf of Southeastern and an entry of appearance for plaintiff Zhang, and confessed judgment for $3,013 including interest, fees and costs. He also filed a praecipe for a writ of execution, naming PNC as garnishee, which was issued by the prothonotary.

Mr. McClure averred in Plaintiff's Affidavit of Debtor's Waiver of Rights that Ms. Zhang earned more than $10,000 annually at the time she signed the note. At the time that she signed the service agreement, plaintiff completed a "Candidate's Qualification Questionnaire" containing information regarding the type of employment she was qualified for and was seeking. On that questionnaire plaintiff indicated that her current income was "$25,000–$35,000." Plaintiff in fact earned less than $10,000 which defendant McClure "knew or should have known." Plaintiff earlier told defendant Johnson she was earning $100 per week as a waitress.

On April 28, 1994 notice of judgment was mailed to plaintiff by the prothonotary and on May 2, 1994 the sheriff served the execution package upon PNC which froze plaintiff's funds, totaling $327.91. With a cover letter dated May 3, 1994, PNC mailed to plaintiff a copy of the writ of execution with a notice of her right to claim a $300 exemption, a claim form with instructions for doing so

and an admonition to contact a lawyer "at once."[3]

On May 18, 1994, plaintiff's lawyer filed a claim asserting Ms. Zhang's $300.00 statutory exemption. Plaintiff's attorney, however, failed to forward the $11.00 filing fee to the sheriff's office until May 26, 1994. Plaintiff never filed a petition to strike or open the confessed judgment. She did not file a preliminary objection in the garnishment action or an application to stay execution.

On May 23, 1994, defendant McClure filed a praecipe for judgment in favor of Southeastern in the amount of $227.91 which was entered by the prothonotary. On June 7, 1994, counsel for PNC filed a bill of costs in the amount of $100.00 which the prothonotary's office taxed. On June 13, 1994, PNC executed checks against plaintiff's account for $227.00 to Southeastern and for $100.00 to PNC's lawyer.

Plaintiff filed a claim of exemption on which a hearing was held in the Court of Common Pleas of Montgomery County on July 15, 1994. Plaintiff did not in her claim or the transcribed court proceedings contend that execution was improper because she earned less than $10,000 and had not knowingly waived her rights or that judgment otherwise had not been validly entered.

## IV. *DISCUSSION*

Defendants argue that plaintiff's RICO, due process, rescission and UTPCPL claims are barred by res judicata in so far as they are based on the contention that the promissory note was invalid and constitute a collateral attack on the confessed judgment. Plaintiff argues that defendants have not established the existence of a judgment entitled to res judicata effect and that any earlier state court judgment against her should not be treated as res judicata because it was obtained without due process.

█ A federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which it was rendered. *Migra*

*v. Warren City School District Bd. of Educ.*, 465 U.S. 75, 82, 104 S.Ct. 892, 896–97, 79 L.Ed.2d 56 (1984); 28 U.S.C. § 1738. Under Pennsylvania law, a judgment by confession is a final judgment "on the merits" which operates as res judicata to bar a collateral challenge to that judgment or any claim arising out of the same underlying transaction or nucleus of events. *Klecha v. Bear*, 712 F.Supp. 44, 46 (M.D.Pa.1989); *Delahanty v. First Pennsylvania Bank*, 318 Pa.Super. 90, 464 A.2d 1243, 1268 (1983).

█ A party may challenge a confessed judgment by filing a petition to open or strike the judgment with the court in which it was obtained. *See* Pa.R.Civ.P. 2959. Such a petition, however, must be filed "promptly." *PNC Bank, Nat. Ass'n v. Balsamo*, 430 Pa.Super. 360, 634 A.2d 645, 649 (1993), *app. denied*, 538 Pa. 659, 648 A.2d 790 (1994); *Fountain Hill Millwork Bldg. v. Belzel*, 402 Pa.Super. 553, 587 A.2d 757, 759 (1991) ("it is well settled that a party seeking to open a judgment by confession must act promptly"); *Duque v. D'Angelis*, 390 Pa.Super. 136, 568 A.2d 231, 233 (1990) (petition filed year after notice of judgment mailed is untimely); *Haggerty v. Fetner*, 332 Pa.Super. 333, 481 A.2d 641, 647 (1984) (petition filed ten weeks after judgment debtor "knew or should have known" of judgment untimely). A party who fails timely to petition to open or strike a confessed judgment is barred by res judicata from raising in a collateral proceeding any issue she could have raised as a defense in such a petition. *Romah v. Romah*, 411 Pa.Super. 12, 600 A.2d 978, 981 (1991). Even a confessed judgment that is still subject to attack by a timely petition to open or strike operates as res judicata unless and until such petition is filed and granted. *Klecha*, 712 F.Supp. at 47–48.

█ Plaintiff argues that "a state court judgment rendered without jurisdiction, or repugnant to due process, is not entitled to full faith and credit," citing a case in which the Supreme Court notes that a state must satisfy due process requirements and "may

---

**3.** The forms were those used and supplied by the sheriff. They conform in every regard to Pa. R.Civ.P. 3252(a). It is not specifically alleged

whether the sheriff independently mailed plaintiff a copy of the writ and notice of exemptions pursuant to Pa.R.Civ.P. 3108(b).

not grant preclusive effects to a constitutionally infirm judgment." *Kremer v. Chemical Const. Corp.,* 456 U.S. 461, 482, 102 S.Ct. 1883, 1898, 72 L.Ed.2d 262 (1982). The Court in *Kremer* held that in rejecting plaintiff's employment discrimination claim, the state court had afforded plaintiff "all the process that was constitutionally required." *Id.* at 483, 102 S.Ct. at 1898. Plaintiff argues that the judgment against her was constitutionally infirm because she had not knowingly waived her due process rights as she did not understand the cognovit clause and her income was less than $10,000, citing *Jordan v. Fox Rothschild O'Brien & Frankel,* 20 F.3d 1250 (1994) and *Swarb v. Lennox,* 314 F.Supp. 1091 (E.D.Pa.1970) (three-judge court).

The Court in *Jordan* held that a party who enlists the aid of the state to execute on a confessed judgment without notice and an opportunity to be heard may be liable under 42 U.S.C. § 1983 absent a knowing waiver by the debtor of his constitutional right to a predeprivation notice and hearing. *Jordan,* 20 F.3d at 1270–71. The Pennsylvania procedure for confessing judgment was not found to be constitutionally infirm. *See Jordan,* 20 F.3d at 1268 (Pennsylvania procedure for entry of confessed judgment not itself unconstitutional).[4]

The court in *Swarb* determined that absent a showing of waiver, prothonotaries should not enter a confessed judgment against a debtor with an income of less than $10,000. *Swarb,* 314 F.Supp. at 1103. The court did not hold that a prothonotary is barred from acting on a request to confess judgment which on its face avers that the debtor's income is more than $10,000. Indeed, the pertinent procedural rules were amended after *Swarb* to require that such information be provided to the prothonotary. There is nothing to suggest that in the case of an incorrect averment of income or involving a factual dispute as to a debtor's income that a debtor may sit on her hands, never move to open the judgment or otherwise put her income at issue, and then at any future time

treat the judgment as invalid. The proscription in *Swarb* applied not to creditors but to the prothonotaries. Neither *Swarb* nor any other case held that a prothonotary could not act upon a request to confess judgment containing an averment of the requisite income and otherwise facially in order.

Plaintiff also cites to a case where the court assumed that a petitioning creditor certified correctly to the prothonotary that the debtor's income was less than $10,000 before judgment was entered. *Demp v. Emerson Enterprises,* 504 F.Supp. 281 (E.D.Pa.1980). The court noted that a confessed judgment might not be entitled to res judicata effect in state court because the debtor could petition to open or strike. *Id.* at 284. Arguably, if the debtor's income was certified as less than $10,000 and there was no showing of waiver, then judgment should have never been entered by the prothonotary. As discussed, the fact that a confessed judgment may be stricken or opened does not deprive it of res judicata effect. *Klecha,* 712 F.Supp. at 47–48. As noted, in this case the prothonotary had an averment that plaintiff earned more than $10,000 by a creditor who had a document in their possession executed by plaintiff listing her income as over $25,000. Plaintiff never petitioned to strike or open the judgment on the ground that her income was in fact less than $10,000.

Plaintiff's position appears to be that the judgment debtor without ever disputing the averment of her income in the rendering court may at any later time deprive a judgment based on a facially valid record of its effect. This would render meaningless the obligation timely to present non-jurisdictional challenges in a petition to open or strike, would undermine the reasonable expectations of parties based on pertinent state law and is not constitutionally required. *See Germantown Sav. Bank v. Talacki,* 441 Pa.Super. 513, 657 A.2d 1285, 1289 (1995) (confessed judgment debtor's claim she had not knowingly waived due process rights must be asserted with supporting evidence on petition

---

4. Plaintiff also cites several cases in which a judgment entered by a court in one state without jurisdiction was not afforded full faith and credit in another state. These cases are not relevant.

There is no showing or suggestion that there was no jurisdiction to enter judgment in Pennsylvania.

to open); *Estate of Silvestri v. Kinest*, 318 Pa.Super. 14, 464 A.2d 494, 496 (1983) (claim that debtor's income is under $10,000 must be pled in petition to open confessed judgment).

Plaintiff can cite no case in which a Pennsylvania court refused to give res judicata effect to a confessed judgment on a claim that the debtor earned less than $10,000 and had not waived her rights where it appeared from the face of the court record that she earned more than $10,000 and such claim was never presented in a petition to the rendering court or in court proceedings to exempt property from execution.

■■■ Res judicata will bar any subsequent claim involving the same parties or their privies based on the same subject matter and causes of action. *Gregory v. Chehi*, 843 F.2d 111, 116–19 (3d Cir.1988). It will "not be defeated by minor differences of form, parties or allegations" where the "controlling issues have been resolved in a prior proceeding in which the present parties had an opportunity to appear and assert their rights." *Helmig v. Rockwell Mfg. Co.*, 389 Pa. 21, 131 A.2d 622, 627, *cert. denied*, 355 U.S. 832, 78 S.Ct. 46, 2 L.Ed.2d 44 (1957). *See also Balent v. City of Wilkes–Barre*, 542 Pa. 555, 669 A.2d 309, 313 (1995) (res judicata applies to any claim "which could have been litigated"). A defendant in a prior action may not subsequently assert a claim against the plaintiff in that action which would effectively nullify or substantially impair rights established by a judgment rendered in that earlier action. *Del Turco v. Peoples Home Savings Ass'n*, 329 Pa.Super. 258, 478 A.2d 456, 463 (1984) (noting application of rule to claim which could have been asserted as permissive counterclaim in prior action). *See also Henry v. Farmer City State Bank*, 808

F.2d 1228, 1234 (7th Cir.1986) (applying Illinois law which mirrors principles recognized in *Del Turco* and applicable in Pennsylvania).[5]

A confessed judgment in this case necessarily implies a determination that plaintiff Zhang was in default in the stated amount under a valid and enforceable note. Such determinations may not be attacked collaterally. *See Riverside Memorial Mausoleum, Inc. v. UMET Trust*, 581 F.2d 62, 66–68 (3d Cir.1978) (res judicata bars subsequent challenge to validity of note underlying confessed judgment).

■■■ Plaintiff alleges in her Amended Complaint and the court assumes to be true that the Montgomery County Prothonotary routinely treated a confession of judgment as a judgment and would formally enter a judgment on a separate document only when the petitioning attorney filed a separate praecipe with a signature line for the Prothonotary to do so.[6] Plaintiff received a notice pursuant to Pa.R.Civ.P. 236 that judgment "has been entered against you" which was treated by all parties as a judgment.[7]

■■■ Pennsylvania law takes a broad view of what constitutes a "final judgment" for res judicata purposes. *General Accident Fire & Life Assurance Corp. v. Flamini*, 299 Pa.Super. 312, 445 A.2d 770, 772 (1982). Where the intent of a court officer is clear, the failure formally to enter judgment has not precluded the application of res judicata principles. *Id.* (denial by court in underlying action of requested injunctive relief and direction to arbitrate sufficiently conclusive to trigger res judicata despite failure to enter formal judgment). *See also Barbian v. Lindner Bros. Trucking Co., Inc.*, 106 Wis.2d

---

5. Claims barred by res judicata would be barred as against all Haven–Scott defendants. Although Southeastern was the named plaintiff in the action to confess judgment, Zhang consistently avers that all five parties are in privity with one another as officers, employees and attorneys of Southeastern and Haven–Scott. *See Greenberg v. Potomac Health Sys., Inc.*, 869 F.Supp. 328, 331 (E.D.Pa.1994) (subsidiary and shared corporate officers have close relationship with parent company and are in privity for purposes of claim preclusion); *Bush v. Eastern Uniform Co.*, 356

Pa. 298, 51 A.2d 731, 732 (1947) (shareholder is in privity with corporation).

6. It appears that the Prothonotary followed this practice in this case. Pa.R.Civ.P. 2956 directs that "the Prothonotary shall enter judgment in conformity with the confession." It thus appears that this is a ministerial matter.

7. At the court proceedings on the exemption claim, plaintiff's counsel referred to "the judgment being entered."

291, 316 N.W.2d 371, 375 (1982) (oral pronouncement by court that two defendants were entitled to judgment triggers res judicata as to both despite failure of clerk formally to enter judgment for second defendant).

Plaintiff cites no case in which a Pennsylvania court refused to accord res judicata effect to a confessed judgment where the debtor received notice from the court that such judgment had been "entered" because a prothonotary failed to complete the ministerial task of formally entering a distinct judgment document and the debtor permitted execution to proceed without ever claiming that there was no final judgment due to such failure. The court predicts that the Pennsylvania Supreme Court would hold on these facts that there is a judgment for res judicata purposes.

■ Plaintiff's RICO claim is premised on an alleged scheme by defendants fraudulently to induce persons to purchase services and sign notes by misrepresenting the nature and quality of the services provided.

■ Fraud in the inducement is a ground to open a confessed judgment. *Nadolny v. Scoratow*, 412 Pa. 488, 195 A.2d 87, 89 (1963); *Germantown Mfg. Co. v. Rawlinson*, 341 Pa.Super. 42, 491 A.2d 138, 141 (1985); *Van Arkel & Moss Properties, Inc. v. Kendor, Ltd.*, 276 Pa.Super. 547, 419 A.2d 593, 596 (1980). Insofar as plaintiff's RICO and other claims are premised on alleged fraud in the inducement of the service agreement and promissory note, they challenge the validity of the note and are barred. *See Klecha*, 712 F.Supp. at 47 (res judicata effect of confessed judgment bars claim based on fraud in the inducement); *Kravinsky v. Wolk*, 1988 WL 84748, *1 (E.D.Pa.1988) (res judicata effect of denial of petition to open confessed judgment bars RICO claim based on fraud), *aff'd*, 869 F.2d 589 (3d Cir.1989). *See also Kolb v. Scherer Bros. Fin. Servs. Co.*, 6 F.3d 542 (8th Cir.1993) (RICO claim barred where plaintiff could have asserted it in mechanic's lien fore-closure action); *Henry*, 808 F.2d at 1235–36 (RICO claim barred by res judicata where plaintiff failed to raise underlying fraud allegations in prior foreclosure proceeding).

■ Plaintiff's remaining § 1983 claim is premised on the absence of a voluntary and intelligent consent by plaintiff to the warrant to confess judgment. Plaintiff could have raised the absence of a valid waiver in a petition to open. *See Talacki*, 657 A.2d at 1289. Further, she would have enjoyed a presumption that she did not voluntarily and intelligently consent if she could show that her annual income was in fact less than $10,000. *Id.*[8] Because plaintiff could have asserted in a petition to open a claim that the averment her income exceeded $10,000 was incorrect and she had not intelligently consented to judgment by confession, plaintiff is now barred by res judicata from maintaining a § 1983 claim premised on such alleged falsity and lack of consent. *Romah*, 600 A.2d at 981.

■ Plaintiff's claim for rescissionary relief is predicated on a contention that the service agreement and note were procured by fraud and thus could have been asserted as a defense in a petition to open. The claim is barred by res judicata.

■ Defendants argue that to the extent plaintiff's UTPCPL claim "relates to contract formation and the confession of judgment procedure," it "attacks the validity of the confessed judgment" and is thus barred by res judicata. They are correct. Plaintiff correctly notes that defendants never explicitly pled res judicata as a defense to this claim in their answer to the amended complaint, but argues incorrectly that as a result they are precluded from doing so in their summary judgment motion.

■ It is true that res judicata is a defense which should be pleaded in the answer. *See* Fed.R.Civ.P. 8(c). It is not, however, a defense which is specifically waived if

---

**8.** In recognizing such a presumption, the Court in *Talacki* cites *Swarb v. Lennox*, 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972). Actually, the Supreme Court did not so hold in *Swarb*. Rather, it left undisturbed the holding of the lower court regarding debtors who earn less than $10,000 because that ruling was not appealed. *See Swarb*, 405 U.S. at 201, 92 S.Ct. at 772–73; *Jordan*, 20 F.3d at 1269.

not so asserted. *See,* e.g., Fed.R.Civ.P. 12(h)(1). The failure to assert an affirmative defense in a responsive pleading does not per se result in a waiver, *Kleinknecht v. Gettysburg College,* 989 F.2d 1360, 1373 (3d Cir. 1993). Plaintiff has not and fairly cannot claim any prejudice from defendants' assertion of the defense by motion. Defendants pled res judicata in their answer as a defense to virtually all of plaintiff's other claims and their failure to reassert it in the portion of the answer addressing the UTPCPL claim appears to be a result of careless oversight. This defense to the UTPCPL claim is predicated on the same underlying facts and legal argument as is the res judicata defense asserted in the answer to the other claims. In such circumstances, defendants may assert res judicata by motion for summary judgment. *See,* e.g., *Turiano v. Schnarrs,* 904 F.Supp. 400, 405–06 (M.D.Pa.1995) (allowing assertion of affirmative defense by way of amended answer or summary judgment motion); *In re Air Crash Disaster,* 879 F.Supp. 1196, 1200 (N.D.Ga.1994) (allowing assertion of res judicata defense in amended motion for summary judgment); *Carino v. Town of Deerfield,* 750 F.Supp. 1156, 1162 (N.D.N.Y. 1990) (res judicata defense may be asserted by way of summary judgment motion). *See also* Wright, Miller, Federal Practice and Procedure: Civil 2d § 1277.

■ Defendants are also entitled to judgment on plaintiff's UTPCPL claim insofar as it is based upon alleged violations of regulations promulgated under the Federal Trade Commission Act. In pertinent part, 16 C.F.R. § 444.2 provides that taking an obligation that contains a cognovit or confession of judgment clause in connection with an extension of credit to a consumer in or affecting interstate commerce is an unfair trade practice. Defendants correctly argue that Federal Trade Commission Act regulations do not create private rights. *See Naylor v. Case and McGrath, Inc.,* 585 F.2d 557, 561 (2d Cir.1978); *Holloway v. Bristol–Myers Corp.,* 485 F.2d 986, 988 (D.C.Cir.1973); *Valet Apartment Serv., Inc. v. Atlanta Journal and Constitution,* 865 F.Supp. 828, 833

(N.D.Ga.1994); *Williams v. National School of Health Technology, Inc.,* 836 F.Supp. 273, 283 (E.D.Pa.1993), *aff'd,* 37 F.3d 1491 (3d Cir.1994). Pennsylvania courts, however, do look to decisions under the FTCA for aid in interpreting the UTPCPL. *Commonwealth v. Monumental Properties, Inc.,* 459 Pa. 450, 329 A.2d 812, 817 (1974); *Pirozzi v. Penske Olds–Cadillac–GMC, Inc.,* 413 Pa.Super. 308, 605 A.2d 373, 376 (1992). Nevertheless, it is inconceivable that the Pennsylvania courts which have consistently upheld and enforced confessed judgments in connection with consumer transactions would at the same time hold by reference to § 444.2 that a creditor violates the UTPCPL by taking an obligation with a confession of judgment clause.

## V. CONCLUSION

Defendants are entitled to judgment as a matter of law on plaintiff's UTPCPL claim insofar as it is premised on 16 C.F.R. § 442.2. The claim is otherwise barred by res judicata as are plaintiff's other pending claims except that asserted under the FDCPA.[9] Litigation of plaintiff's FDCPA claim for conduct after April 11, 1994 will proceed.

Accordingly, defendant's motion will be granted and plaintiff's cross-motion will be denied.

---

9. Plaintiff has withdrawn her statutory § 1983 claims, her UTPCPL claim for taking "non-judi-

cial" action and her class action claims.